YAZOO LUMBER COMPANY v. ALICE B. CLARK ET AL.

[48 South. 516.]

1. HOMESTEADS. *Husband's conveyance. Non-joinder of wife. Code 1892, § 1983. Code 1906, § 2159.*

   Under Code 1892, § 1983, Code 1906, § 2159, so providing, a deed to his homestead, executed by a husband alone, is ineffectual to convey title.

2. ESTOPPEL. *Knowledge of facts.*

   Estoppel cannot be predicated of declarations touching an interest in property made in ignorance of the declarant's rights.

FROM the chancery court of Yazoo county.

HON. G. GARLAND LYELL, Chancellor.

The lumber company, appellant, was complainant in the court below; Mrs. Clark and others, appellees, were defendants there. From a decree in favor of the defendants, other than Mrs. Clark, the complainant appealed to the supreme court, and Mrs. Clark prosecuted a cross-appeal.

H. H. Breeland, a married man, living with his wife, conveyed his homestead with general warranty to his son, J. W. Breeland; the wife not joining in the conveyance. Thereafter J. W. Breeland and wife conveyed the land to Mrs. M. M. Breeland, the wife of H. H. Breeland. At the same time Mrs. M. M. Breeland executed a deed in favor of J. W. Breeland and

wife to certain other property in another county; her husband, H. H. Breeland, joining with her in the deed. After the death of H. H. Breeland, Mrs. M. M. Breeland, his widow, conveyed the same land with general warranty to her daughter, Mrs. Shackouls, and thereafter Mrs. Shackouls conveyed same to the Yazoo Lumber Company. Thereafter Mrs. Clark and the other heirs at law of H. H. Breeland, who had since died, appellees, brought suit in ejectment against the Yazoo Lumber Company claiming that the land did not pass from their ancestor, H. H. Breeland, by the deed from him to J. W. Breeland, because it had not been executed by his wife. This suit was instituted by the lumber company, appellee, defendant in ejectment, to en-join the ejectment and confirm its title, claiming that the deed from H. H. Breeland to J. W. Breeland was executed in trust, and that the deed from J. W. Breeland to Mrs. M. M. Breeland was executed in compliance with the understanding between the parties, had at the time of the execution of the first conveyance mentioned, in which the wife of the homesteader did not join, al-though there are no recitations in any of the deeds to this effect, and the proof showing a prior agreement that it was to be held in trust was inconclusive. The court below decreed in favor of all of the defendants except Mrs. Clark, holding that she was estopped to recover any interest in the land because she had made an affidavit at the time the deed to appellant was executed, which affirmed that she was the same preson as Mrs. Alice J. Clark, from whom her father, the homesteader above men-tioned, bought the land and that the affidavit was made to clear up the claim of title thereto. She testified that, at the time she made such affidavit, nothing was said to her about her interest in the land in controversy, and that she did not know anything about the conveyance of her father, H. H. Breeland, to J. W. Breeland.

*Barnett & Perrin,* for appellant and cross-appellee.

The testimony conclusively shows that it was never intended

by H. H. Breeland or John W. Breeland that the latter should become the real owner of the land, but that he held the title in trust, a parol trust it is true, but made effectual by the conveyance of John W. Breeland to his mother on April 12th, 1898, less than a year after the conveyance to him. *Metcalf v. Brandon,* 58 Miss. 847.

It was claimed in argument below that there was no trust because at the time of the conveyance to John W. Breeland by his father, the father did not name the beneficiary, and that unless this were done at the time of the creation of the trust, the trust must fail, and the naming of a beneficiary subsequently would be too late. This is not the law. An absolute conveyance can not, of course, be afterwards converted into a trust, but if the conveyance is intended when made to create a trust, it retains that character and the beneficiary can be subsequently named by the creator of the trust. If the creator of the trust die without doing so the beneficiary cannot be supplied. We think it will be found that where the trust does not name the beneficiary the objection is made because the statute requiring the creation of trusts to be in writing has not been fully complied with· Where the trust has been executed, whether parol or written, the naming of the beneficiary at the time of the creation of the trust does not matter. 1 Perry on Trusts, citing 17 N. W. 922, 34 N. E. 487, and *Ireland v. Geraghty,* 11 Biss. (U. S.) 465.

It is true that if H. H. Breeland had named any one else than his wife as the beneficiary, to the extent of the homestead, such beneficiary could not have taken, as in that case the point could successfully be made that the wife had not signed the deed creating the trust. But where the wife is named as the beneficiary the legal effect is the same as if the husband had conveyed directly to the wife. In fact as the law was before the Code of 1880 the husband could only divest himself of the legal title by conveying to a trustee for the benefit of his wife. This court does not seem to have directly decided that a homestead can be conveyed by either spouse to the other, without the grantee join-

ing therein, but the overwhelming weight of authority is that such conveyance is good. *Turner v. Bernheimer,* 10 South. 750. In this case Judge McClellan of the supreme court of Alabama gives the reasons for upholding such conveyances. One of his positions is that such conveyance is good because the homestead character of the property is not at all affected; it still continues to be a homestead and must remain so until both husband and wife join in its conveyance. This is true of this case, that notwithstanding what was done the homestead continued to be such, its character was not destroyed nor attempted to be destroyed, and was not conveyed by the wife until after the death of her husband.

It may be urged, however, that while it was understood the beneficial estate was not to vest in John W. Breeland, yet not naming a beneficiary in the conveyance made by the husband, it was his intention that the land conveyed be held in trust for himself. H. H. Breeland certainly did not intend for the land to be reconveyed to him, such reconveyance would have defeated his purpose in making the conveyance, namely, to prevent his creditors subjecting the land to the payment of his debts. But assuming that he did intend the land to be held in trust for himself when the conveyance to John W. Breeland was made, the statute requiring the husband and wife to join in conveyance was not violated. The trust created was a dry one, the trustee nor any other person except the beneficiary to be named was to derive any benefit from it, and the equitable estate retained by the father and husband could not have been conveyed without the joining of the wife. The land still remained a homestead. The object of the statute is to preserve the homestead as such unless both husband and wife consent to its destruction, and we submit that the owner of the homestead, either husband or wife, can deal with it as he or she pleases, so long as no attempt is made by either without the consent of the other to destroy it; that the heirs can not complain of such dealings. If John W. Breeland conveyed the homestead to some person other than his

mother or father the statute could have been invoked to preserve
the homestead, but this he did not do. He faithfully executed
the trust reposed in him, and there is no room for invoking the
statute to preserve the homestead. It is not being invoked for
that purpose, because the homestead was never destroyed. It
remained a homestead from the time it was made such by the
father, H. H. Breeland, and continued to be the property and
home of his widow, Mrs. M. M. Breeland, until she conveyed
the land to her daughter, Mrs. Shackonle.

The court held that Mrs. Alice J. Clark could not recover
under her own testimony taken in connection with the affidavit
made by her at the time of the delivery of the deed to the ap-
pellant and her then silence respecting the title. She testified
that at the time of the execution of this deed, she knew nothing
about the conveyance to John W. Breeland by her father. She
knew then or should have known that as an heir of her father
she had an interest in the land being conveyed, the precise in-
terest for which she brought suit. We submit that if the case is
otherwise to be decided against appellant, this holding as to
Mrs. Clark was correct.

*Henry, Barbour & Henry,* for appellees and cross-appellants.

Let us briefly review some of the decisions of our supreme
court as to conveyance of homesteads by husband or wife with-
out the other joining in conveyance.

Bolen conveyed his homestead to Lilly, the wife not joining
in the deed. The wife afterwards died and Bolen brought
ejectment for the property. Bolen gave a warranty deed.
Held, there was no estoppel against Bolen because of his war-
ranty deed. *Bolen v. Lilly,* 85 Miss. 384, 37 South. 811.

Glass and wife occupied premises as a home, title being in
Glass, and conveyed without wife's signature. Both continued
to reside on the land. Glass died first, leaving no children.
Held, wife owned by descent the homestead and her grantees
prevailed. *Johnson v. Hunt,* 79 Miss. 640, 31 South. 205.

When the husband executed a mortgage on the homestead, the wife not signing it, her subsequent conveyance of her interest in the homestead to the mortgagee without her husband's consent, imparts no validity to the mortgage. *Duncan v. Moore,* 67 Miss. 136, 7 South. 221.

Action by William and Maria Singleterry for damages on account of railroad being built over right of way. Husband had conveyed right of way but wife had not signed deed. The court said "The conveyance of husband only was a nullity, it operated nothing. It ran counter to the statute, and the statute, like a tyrant, destroyed it." *Gulf, etc., R Co. v. Singleterry,* 78 Miss. 777, 29 South. 754.

Trust deed executed by husband only; same was foreclosed. Subsequently the wife executed a release of all homestead right in certain eighty acres conveyed without further consideration. It was held the property on the death of the husband descended to the wife and children, as tenants in common, and that the conveyance of the wife was void and only had the effect of fixing the character of the eighty acres as a homestead. *Hubbard v. Sage, etc., Co.,* 81 Miss. 616, 33 South. 413.

These decisions show how sacred the homestead is held in Mississippi. It cannot be divested save in the manner prescribed by statute, husband and wife both joining in the conveyance contemporaneously.

The supreme court of Illinois takes the same view, in several well considered opinions, notably, *Kitterlin v. Milwaukee Mechanics Mutual Insurance Co.,* 25 N. E. 772; *Anderson v. Smith,* 42 N. E. 306; *Despain v. Wagner,* 45 N. E. 129. We invite the court's attention to these cases on the question of estoppel also. The court will observe that the Illinois homestead statute is very much as ours—the same in substance.

Pomeroy's Equity Jurisprudence, sec. 1009, gives clear and succinct statement of the requisites of a trust: "The declaration of trust, whether written or oral, must be reasonably certain in its material terms; and this requisite of certainty includes the

subject matter of property embraced within the trust, the beneficiaries or persons in whose behalf it is created, the nature and quality of interests which they are to have, and the manner in which the trust is to be performed."

Perry on Trusts, sec. 77, is quite emphatic: "The declaration of a trustee can be given in evidence to show how he held the estate; that is in those states where the trust may be proved by parol. But these declarations must be clear and explicit, and point out with certainty both the subject matter of the trust and the person who is to take the beneficial interest."

Now as to the ruling of the court below, that Mrs. Clark is estopped, it is manifestly erroneous.

Is Mrs. Clark to be defeated because she was kind enough to make the affidavit that Harter wanted? Is she to be estopped because she did not tell Harter that she had an interest in the land, which she did not know she had? Is she not to recover when there is no suggestion even that Harter was misled by anything she said or did?

If so we have read the law of estoppel expounded by the supreme court of Mississippi without understanding: *Sulphins v. Dunbar,* 55 Miss. 255; *Slaton v. Bryant,* 55 Miss. 261; *Davis v. Bowmar,* 55 Miss. 748; *Thomas v. Romano,* 82 Miss. 256, 33 South. 969; *Murphy v. Jackson,* 69 Miss. 403, 13 South. 728.

WHITFIELD, C. J., delivered the opinion of the court.

The very ingenious and able legal argument made by learned counsel for appellant on direct appeal cannot prevail on the testimony in this record, under the decisions of this court touching the invalidity of a deed to a homestead by the husband, not joined in by the wife. The deed executed to the homestead by the husband, H. H. Breeland, was a nullity, the wife not having joined therein. On the direct appeal the case is affirmed.

On the cross-appeal, reluctant as we are to disturb the finding

of the unusually painstaking and accomplished chancellor who decided this cause, we are yet constrained to do so, since a repeated examination of the testimony satisfies us that Mrs. Alice B. Clark was not estopped to maintain her suit. The doctrine of equitable estoppel, as explained in our decisions, is not brought into successful play against her on testimony disclosed in the record. The decree on the cross-appeal, therefore, is reversed, and a decree will be entered here for the cross-appellant, Mrs. Clark.

*Affirmed on direct appeal; reversed on cross-appeal.*