METZGER v. SESSIONS.

(In Banc. Nov. 12, 1945.)

[23 So. (2d) 746. No. 35937.]

Clay B. Tucker, of Woodville, for appellant.

894

Henley, Jones & Woodliff, of Jackson, for appellee.

Argued orally by **Clay B. Tucker**, for appellant, and by **W. S. Henley**, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

Appellant sued appellee in the Circuit Court of Wilkinson County for damages, claiming to be the legal owner, on January 1, 1938, of certain sixteenth section land in said county, and to have leased the same on said date to Wash Owens. The lease stipulated in part:

"Wash Owens agrees to lease said land from August Metzger for said person as The School Lease in said land

lasts, no sale of timber, only for fixing houses and fences, must be taken. Wash Owens agrees to pay in advance $50.00 Fifty Dollars per year, as long as lease is in force. January the first 1938 will be first payment on lease, and thereafter every first of Jany.

"August Metzger assumes no responsibility of any kind, for fixing fence, or repairing houses, of any kind. This lease is only binding between August Metzger and Wash Owens and can not be subleased to any one else, except by agreement. Any failure to pay rent as stipulated is an act of terminating said lease."

The said Owens died subsequently and, by agreement with appellant, his administrator transferred and assigned to appellee, the lease aforesaid, appellee assuming "all responsibility for the payment of rent and other obligations of Wash Owens."

The declaration charges that on or about August 1, 1943, appellee put a man named W. B. Walker in charge of said land as "his servant or agent, or having sublet the said land to the said W. B. Walker, without the consent or agreement of plaintiff, contrary to the terms of his said lease, the said W. B. Walker by and under the authority and without the authority and without the consent and knowledge of plaintiff, the legal owner of the estovers in the timber on said land, did wilfully and unlawfully cut, remove, deaden and destroy the timber on said land, the property of plaintiff as alleged, in the sum of and to the value of" $600.

A demurrer was interposed to the declaration and overruled, and appellee granted ninety days in which to make affidavit of defense and file pleas. This he did not do within the time allowed. The next term of circuit court convened in March, 1945. In January, 1945, plaintiff filed a motion for final judgment and a writ of inquiry to assess the damages, as of the March term, 1945. The regular circuit judge recused himself, and a member of the Bar, by agreement, tried the case. At the March term before action was had on appellant's motion, supra,

appellee moved the court for leave to file an affidavit of merits, and his pleas. His defense would be that he was not guilty of cutting or selling any of the trees or timber, either personally or through any agent or servant authorized; that W. B. Walker was not his agent or servant, and was not authorized by him to cut or remove any of the timber, and that the property sued for was owned by the Wilkinson County for the benefit of sixteenth section school funds. His excuse for not filing earlier was that the firm of lawyers originally representing him had to be replaced by his present counsel, because one member thereof had been so ill he was then, as he had been since, unable to serve; and that the other member of the firm was compelled by the exigencies of business to be away from Woodville, due to certain emergencies, so that inadvertently the filing of affidavit and pleas was overlooked by him. It was represented to the court, however, that no disadvantage to appellant or delay in the trial of the case would ensue, and that appellee was then and there ready to proceed with the trial.

Motion was made by appellant to strike the motion, which was overruled, and appellee was permitted to file the affidavit and pleas. Appellee filed a plea of the general issue, and notice thereunder, that appellant was not the owner and Walker had bought the timber from Wilkinson County, and two special pleas. Special plea No. 1 was that there was a nonjoinder in that Wilkinson County was a necessary plaintiff; and by special plea No. 2 he set up the defense of nonownership in plaintiff and claimed that Wilkinson County was the owner for use of sixteenth section school funds, and hence it alone could maintain the suit. The appellant demurred to both special pleas, and was sustained as to No. 1, and overruled as to No. 2. Appellant also moved to strike the affidavit of meritorious defense, and the notice under the general issue. The trial court overruled all the motions to strike, and appellant filed a traverse of the notice under the plea of the general issue.

We are of the opinion that the trial court was correct in his rulings against appellant's motions and demurrers, but since we think his action in sustaining appellee's motion to exclude appellant's evidence was correct, for reasons hereinafter to be given, it is not here necessary for us to discuss any of the other assignments of error based on the foregoing proceedings, except whether or not the trial court was in error when appellant was denied a judgment by default and a writ of inquiry, and appellee was permitted to file his affidavit and pleas.

In the early case of Yost v. Alderson, 58 Miss. 40, 47, it was argued that mere inattention and forgetfulness cannot be a valid excuse for a failure to discharge a legal duty. The court said that this might be true when such inattention or forgetfulness had occasioned a failure which had been injurious to the opposite party. It was said: "The object of the institution of courts is to administer justice according to law, and lawsuits are allowed for that purpose alone. Rules of procedure regulating the conducting of business in courts are instituted solely to facilitate these ends. They are necessary, and their due observance should be enforced by the courts. But it should not be forgotten that they are aids to secure the administering of justice, not shackles to bind courts to the perpetration of wrong. When their nonobservance is in a trivial matter, working no injury to the adverse party *and not materially impeding the due progress of the cause* (Italics ours), the fault should be corrected, and the authority of the court maintained rather by the imposition of costs and the use of other disciplinary agencies than by depriving parties of the opportunity of a fair trial, to secure which such rules are instituted."

An interesting case practically to the same effect is Southwestern Surety Ins. Company v. Treadway, 113 Miss. 189, 74 So. 143, wherein defendant's attorney overlooked or forgot, owing to press of business, to appear on the day of trial, but on receipt of telegraphic instructions appellant's local attorneys appeared and were ready

for trial so that no delay was imposed on plaintiff. The trial court refused to set aside a default judgment rendered a few hours earlier on the same day affidavit and motion were filed by defendant. This Court reversed the judgment for trial on the merits.

Subsequent events in the progress of the trial demonstrated that no harm was done appellant by granting appellee a trial on the merits herein. This view brings into operation our announcement in Planters' Lumber Company v. Sibley, 130 Miss. 26, 93 So. 440, 441: "The rule is that in passing on a ruling of a lower court this court will look to the whole record, and, if in the light thereof no harm appears to have resulted to the appellant from the ruling complained of, the judgment will be affirmed, though the ruling may have been erroneous when made. Hemingway v. State, 68 Miss. 371, 8 So. 317."

The court below, on motion of appellee, excluded the evidence of appellant, plaintiff below, at its conclusion and directed a verdict for appellee, defendant below, and we are of the opinion that the court was right in so doing. It will be observed that the declaration in this case is drawn on the theory of principal and agent, and on such declaration and evidence in the case, the appellant, as plaintiff below, on whom the burden of proof rested, was not entitled to recover on appellant's own theory of his case in that no proof was produced establishing the authority of appellee's alleged agent in the sale of the timber on the lands involved, or that appellee participated in the same in any way or derived any benefit therefrom. Therefore, in reviewing the trial on the declaration as filed and the proof adduced, no verdict in favor of appellant could have been permitted to stand. But, since in our judgment appellant misconceived the field of jurisprudence involved, we are constrained not to rest our final decision alone on what we have said supra, and we prefer to point out that the resulting situation following appellant's lease to Owens and the later transfer thereof

to Sessions, subject to the condition that nonpayment of the rent would cancel the lease conveyed to appellant, was that everything appellant had by his own lease, subject to defeasance upon the contingent subsequent condition of the nonpayment of rent, became the property of appellee. All that remained in appellant thereafter was the right of entry upon condition broken, and there is no claim of condition broken here. Memphis & Charleston R. Company v. Neighbors et ux., 51 Miss. 412.

This lease obtained by appellee would have created between him and appellant a mere relation of landlord and tenant, being of no greater dignity than a lease for one year, had it been subleased instead of assigned. Pace, et al. v. State, ex rel. Rice, Attorney General, et al., 191 Miss. 780, 4 So. (2d) 270. However, since appellee was conveyed everything that appellant owned as to this lease in the land involved subject to cancellation upon nonpayment of rent, which contingency is not shown to have occurred, we are of the opinion he had no rights in the timber as estovers for which he could claim damages against appellee.

In accordance with this view, it would make no difference in the result if it be conceded that appellee put his servant Walker in possession of the premises, as he became thereby bound to see that such servant or agent did no injury to the estovers. Section 782, Landlord and Tenant, 32 Am. Jur. 669. It would conceivably lead to a different aspect of the situation had appellee, before the filing of the suit, failed to perform the condition subsequent which would have resulted in a breach of condition, followed by a right of reentry in appellant. Section 83, Estates, 19 Am. Jur. 546. Since nothing like this was shown, or even claimed to have occurred, the appellant, as plaintiff below, had no right of action in our judgment against appellee, as defendant below, and the exclusion of the evidence offered by the plaintiff at its conclusion and direction of a verdict for the defendant was proper.

Since we see no reversible error in the trial of this case, the same is affirmed.

Affirmed.

### Partially Dissenting Opinion.

**Sydney Smith, C. J.,** delivered a partially dissenting opinion.

While there is a conflict in the authorities as to whether a contract by a lessee with another transferring to him the unexpired portion of his term reserving rent thereon with the power of re-entry for the nonpayment of the rent, is an assignment of the term or a subleasing of the property, 32 Am. Jur., Landlord and Tenant, section 317, this Court has aligned itself with those courts which hold that such a contract is a sublease. Senter v. Propst, 190 Miss. 190, at page 204, 197 So. 100, at page 102. Consequently, the opinion and judgment just rendered are erroneous insofar as they are based on the holding that this contract constituted an assignment and not a sublease.