PARAMOUNT FIRE INS. CO. *v.* ANDERSON.

Division B.    Apr. 9, 1951.

No. 37907 (51 So. (2d) 763)

Wallace, Greaves & Wallace, for appellant.

374

Mize, Thompson & Mize, for appellees.

**Hall, J.**

This is an appeal from a judgment of the circuit court in favor of appellees for the sum of $2500 on a fire insurance policy issued to them by appellant upon their dwelling house. Since appellant's first contention is that the trial court erred in refusing it a requested peremptory instruction it is necessary to briefly review the facts disclosed by the record.

Appellant is represented at Gulfport by B. Havard Insurance Agency, a partnership composed of B. Havard and R. D. Portwood, with full authority to issue policies and execute endorsements therefor. Two ladies were employed to do clerical work in the Havard office and had authority to receive information regarding policies, by telephone or otherwise, and to make up endorsements therefor. For many years appellees had carried $2500 fire insurance with the Havard agency and one of appellant's policies for that amount was due to expire on December 1, 1948. On November 20, 1948, B. Havard Agency issued to appellees on behalf of appellant a renewal of the policy to take effect on December 1, 1948; it contained the usual clause prohibiting other insurance on the property unless permitted by endorsement thereon.

Having solicited additional insurance on the same property, C. P. Long, Jr., sole owner of Charlie Long Insurance Agency, of Gulfport, issued to appellees on November 3, 1948, two policies for $2500 each, one being with Great American Insurance Co., and one with Commercial Union Insurance Co. It developed that Commer-

cial Union did not want the risk because the property was in an unprotected zone, and its policy was replaced by Mr. Long on November 22, 1948, with a policy in Star Insurance Co. The three policies issued by Long contained endorsements authorizing a total of $7500 insurance, Mrs. Anderson having advised him of the $2500 insurance carried with the Havard Agency. After the total destruction of the property on February 1, 1949, the Great American and Star companies paid appellees the face amount of their policies, and there is no controversy as to those, but Paramount Fire Insurance Co. declined payment and suit was brought to recover thereon, with the result aforesaid.

Mr. Long testified that on November 3, 1948, or in a few days after that date, he called the B. Havard Insurance Agency's telephone number and talked to a lady employee and advised that he had written policies for $5,000 on the property in question and that their policy should be endorsed to show $7500 total insurance. One of the lady employes testified that she had never in her life talked with Mr. Long by telephone, and the other testified that Mr. Long had talked with her on several occasions regarding insurance policies, but that he did not talk to her regarding the policy in question; on cross-examination she admitted that she frequently makes mistakes and said that the only reason why she would say that Long did not advise her of the additional insurance in this instance was because she can find no memorandum of the conversation and that she always makes a memorandum when such a request is received by her. She declined to swear positively that Long did not so advise her.

Under this evidence we think there was a question of fact for the jury to determine whether Long did or did not advise the Havard Agency of the additional insurance before it issued the policy here in suit. If the jury found that it did have such notice, then the prohibition against additional insurance was waived by ap-

pellant. Buffalo Insurance Co. v. Borden, Miss., 50 So. (2d) 895, not yet reported in the State Reports; Liverpool & London & Globe Ins. Co. v. Delaney, 190 Miss. 404, 200 So. 440; Lititz Mutual Ins. Co. v. Miller, Miss., 50 So. (2d) 221, not yet reported in the State Reports.

It is argued further in this connection that the information, if any, was given to the Havard Agency after it had issued appellant's policy on November 20. Mr. Long testified that he had never talked to the Havard Agency about this insurance except the one time when he had the telephone conversation with the lady employee, and that this was on November 3 or in a few days thereafter, which was prior to issuance of the policy in suit.

It is also argued that the lady employee in the office of the Havard Agency had no authority to bind the appellant. Mr. Portwood, one of the partners composing the Havard Agency, and the only one who testified, said that it was the duty of the two ladies in the office "to receive such information and to make such endorsements" and "if they received notice it was their duty to make the endorsement". One of the lady employees testified that she knew how to make endorsements and had authority to do that. The other testified that she made up such endorsements and that one of the partners would sign them. In 29 Am. Jur. p. 631, Insurance, Sec. 828, it is said: "It is generally held that ██ an ordinary agent of an insurance company has the power to employ clerks to discharge the ordinary business of his agency, and a waiver which the agent himself could make may be made by his clerk. The act or knowledge of the clerk is that of the agent, and, as such, binds the company". We are of the opinion that the requested peremptory instruction was properly refused.

It is next contended that the trial court erred in overruling a motion for a new trial, which motion raised the question that there is not sufficient credible evidence to support the verdict and that the verdict is against the weight of the evidence. Considering the evidence hereto-

fore detailed we are of the opinion that the trial court did not abuse his discretion in overruling the motion for a new trial.

Appellant's third contention is that the trial court erred in granting the following instruction to appellees: "The court instructs the jury for the plaintiffs that if you believe from a preponderance of the evidence C. P. Long, Jr., notified an employee of B. Havard Ins. Agency, agents of the defendant, on some date prior to the occurrence of the fire, that there was additional insurance with two other companies, then it is your sworn duty to return a verdict for the plaintiffs in the full amount of the policy sued on here." Appellant argues that there are two vices in the quoted instruction, the first being that the instruction assumes as a proven fact that the lady employee in the Havard office had authority to waive the policy stipulation prohibiting other insurance, and the second being that notice of a breach of the policy stipulation prohibiting other insurance, and nothing more, cannot effect a waiver of the stipulation. Both of these contentions have been answered in what we have heretofore said herein, and we think they are without merit. We do note, however, that the instruction authorizes a recovery if the jury believe that the notice was given to the Havard Agency "on some date prior to the occurrence of the fire." Appellant makes no point on this feature of the instruction except in a general argument as to the difference between notice prior to issuance of a policy and notice given after issuance; we do not enter into a discussion of the difference nor make any decision thereon for the reason that ██ ██ our authorities are in accord on the question of the effect of a notice given prior to issuance of a policy, and in this case, according to Long's testimony, if he gave any notice at all, it was given before the policy in suit was issued, and the error, if any, was harmless.

██ ██ Appellees offered as a witness a general building contractor who testified, over appellant's objection, that

he had made a detailed estimate of the replacement cost of the destroyed building and that the same amounted to $10,388.08. Appellant contends, lastly, that the admission of this evidence was error. Under Section 5693, Code of 1942, it was not necessary for appellees to prove the value or replacement cost of the destroyed building. The net result, therefore, of this evidence is that the plaintiffs assumed a greater burden than was required of them under the law, evidently for the purpose of showing that the property was not insured in excess of its value. The appellant could not have been prejudiced by admission of this evidence even though it were not necessary or material to plaintiff's case. Before a judgment can be reversed for error, it must appear that the error was prejudicial and harmful to the complaining party. Mississippi Utilities Co. v. Smith, 166 Miss. 105, 145 So. 896. The admission of irrelevant evidence is harmless error where it is not such as to prejudice the complaining party. Alabama & Vicksburg Ry. Co. v. Fried, 81 Miss. 314, 33 So. 74; Virginia-Carolina Chemical Co. v. Ruffin, 126 Miss. 80, 88 So. 500; Bacon v. Bacon, 76 Miss. 458, 24 So. 968. The judgment of the lower court is accordingly affirmed.

Affirmed.