TRAVIS, et al. *v.* DANTZLER, et al.

No. 42107          May 28, 1962          141 So. 2d 556

*J. M. Travis,* Heidelberg, for appellants.

*McFarland & McFarland,* Bay Springs, for appellees.

*Snow, Covington, Shows & Watts,* Meridian, for T. J. White and others.

JONES, J.

In 1906, Toy Dantzler purchased twenty acres of land in Jasper County. In 1907 he was married to Mary Jones. Since their marriage to the date of the trial of this case he and his wife have occupied the twenty acres acquired in 1906 as their homestead. In 1939, Toy, without joinder of his wife, conveyed to R. K. Travis and J. E. McMullan three-fourths of the oil, gas and other minerals in, on and under said lands for the sum of $15.

Subsequently conveyances were made by the grantees in such mineral conveyance. J. E. McMullan died before the filing of this suit.

On May 28, 1959, Toy Dantzler and wife Mary filed suit in the Chancery Court of the First Judicial District of Jasper County against R. K. Travis, the heirs of J. E. McMullan, and certain other interested parties for the cancellation of the mineral deed aforesaid and such subsequent conveyances because the said minerals were conveyed by the husband without the joinder of the wife and alleging that same was void because of our homestead statutes, and particularly Section 330 of the Code of 1942. After hearing, the chancellor granted the relief sought by the complainants, and as to certain of the defendants rendered judgment against certain of the co-defendants because of breach of warranty. R. K. Travis and heirs of J. E. McMullan appeal from this decree.

The principal questions involve the applicability of our ten-year statutes of limitation, Sections 709 and 710, Mississippi Code of 1942, and laches and estoppel.

By the provisions of said Section 330 a conveyance, mortgage, deed of trust, or other encumbrance upon the homestead is not valid unless signed by the wife of the owner. Such a conveyance is void. Yazoo Lumber Co. v. Clark, 95 Miss. 244, 48 So. 516; Young v. Ashley, 123 Miss. 693, 86 So. 458; Hughes v. Hahn, 209 Miss. 293, 46 So. 2d 587; Thompson v. Dyess, 218 Miss. 770, 67 So. 2d 721.

Appellants seek to invoke the rule announced in Aultman v. Kelly, 236 Miss. 1, 109 So. 2d 344, and similar cases.

However, it is recognized that the possession of the complainants must be invaded either actually or constructively before the ten-year statute is set in motion. A voidable deed such as was involved in the Aultman case carries with it constructive possession. A void deed carries with it no possession. Those facts are recognized and the distinction between the lines of cases involving this issue is discussed and shown in

the case of Neal, et ux v. Teat, et al, 240 Miss. 35, 126 So. 2d 124. So with the deed in the instant case being void, the ten-year statutes above mentioned do not apply.

██ ██ As to laches and estoppel, the deed being void and the possession of the homestead not having been disturbed or invaded, the complainants were not required to take any steps to cancel said instrument prior to the institution of this suit, and it is not shown that any persons were misled by anything done by the wife. As a matter of fact, she and her husband at all times were residing upon the homestead and this was notice to all persons dealing with said land that it was homestead property. While one of the original grantees in the mineral deed had died, Mr. R. K. Travis, one of the original grantees, was living and testified as to the original transaction which was had between him, Toy Dantzler and Mr. McMullan. His testimony as to such transaction shows no misleading on the part of anybody, in fact, the wife was not even present. ██ ██ With everybody having notice of the occupancy of the property at all times by the complainants and no misleading by Mary as to the homestead rights, we can find nothing upon which to sustain a plea of laches or estoppel.

██ ██ Furthermore, the chancellor was justified by the testimony in finding that Mary Dantzler knew nothing of the previous deed prior to 1954, which was less than ten years before the trial of the case.

██ ██ There are numerous other incidental assignments but we find no alleged errors assigned and argued which might have caused a miscarriage of justice if error, and under the rules of this Court, the case will not be reversed unless errors are harmful.

On the main issues involved, which have been hereinbefore discussed, the chancellor was manifestly correct and the case is therefore affirmed.

Affirmed.

*Lee, P. J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.