DAVIS, ET UX *v.* AGENTS FINANCE CORPORATION

No. 43063          May 25, 1964          164 So. 2d 449

840

*W. W. Dent,* Collins, for appellants.

*S. E. Allen, Jr.,* Hazlehurst, for appellee.

Rodgers, J.

This is an appeal from an order of the Chancery Court of Covington County, directing the Chancery Clerk to pay Agents Finance Corporation $2,955.60, out of the surplus funds paid to the clerk by a trustee, after the sale of property belonging to appellants to satisfy the debt due under a first mortgage.

The appeal of this case is a sequel of a former appeal, Davis v. Polk Financial Service, 242 Miss. 419, 135 So. 2d 175.

The original suit was filed in the chancery court on May 2, 1958, by Polk Financial Service and sixteen other judgment-creditors of appellants for the purpose of setting aside certain alleged fraudulent conveyances of real property made by appellants, and to subject the described land to the judgment of the complainant.

The appellants executed the deed of trust upon certain real property to Lamar Life Insurance Company in January 1953. A funeral home, a cafe, and filling station were thereafter erected on the property. The appellants lived in the funeral home. Thereafter, on June 5, 1953, appellants executed another deed of trust to Agents Finance Corporation (hereinafter called Finance Corporation) for $2,680. A third trust deed was given to Tillman Finance Company. The property described in these trust deeds was sold under the Lamar Life Insurance Company trust deed and the sum of $3,652.26 was paid into the registry of the chancery court by the trustee. The court allowed the homestead exemption of appellants in the sum of $5,000, and ap-

pellant did not appeal from the order of the court allowing the claim of Tillman Finance Company in the sum of $1,248.29. The issue here, therefore, is whether or not the chancery court was in error in allowing the claim of Agents Finance Corporation.

Appellants suggested in their assignment of errors that the award to appellees was erroneous because (1) the court admitted into evidence the account filed by the trustees named in the trust deed to the Agents Finance Corporation; (2) the court did not hold that the original note was a demand note due in thirty days after date and was barred by the statute of frauds; (3) that in any event all of the monthly payments were barred by the statute of limitation except $600; and (4) the court erred in allowing interest and attorney's fee to the appellee.

Appellants' sworn answer, and later the testimony of William P. Davis, admits the execution of the trust deed to the Agents Finance Corporation to secure the payment of $2,680 "evidenced by one (1) promissory note of even date herewith, bearing interest at the rate of four percent (4%) per annum, payable as follows, to wit: Fifty Dollars ($50) per month, the first payment to become due and payable July 1, 1953, and a like sum due and payable on the first day of each succeeding month thereafter until both principal and interest have been paid."

The answer stated that the deed of trust was payable in installments and stated that the case was settled by the final decree rendered on the 7th day of May 1960, which decree was affirmed; and that the terms of the said decree should be followed except for that part of the indebtedness to the Agents Finance Corporation, barred by the statute of limitations. Later, however, the appellants filed an amendment to their answer on February 21, 1963, in which it was stated that the note was a demand note; that the same was barred by the

six-year statute of limitations, on June 6, 1959. Appellants also pleaded that the note had been paid and that the accounting by the appellee was incorrect.

The appellants moved the court to strike the claim filed by the appellee, because the claim was in the form of an accounting and the note was not attached to the claim, as required by law. The appellee then filed an affidavit stating that the note had been lost. It did not, however, file a copy of the note or attempt to substitute a lost instrument. The affidavit alleged that the balance due as shown by the itemized account was true.

The first assignment of error is therefore based upon the admission of testimony with reference to the itemized payments as said to have been made by the appellant, William P. Davis. The adverse witnesses called by appellants to show that the account was incorrect, readily admitted that the itemized payments were taken from the records of the inactive corporation and none of the witnesses recalled the details as to whether or not the note was a demand note. Appellant, William P. Davis, testified the note was a demand note, due thirty days after date. On the other hand, the facts offered by the claimant and the defendant show that the note was actually paid in installments, and that the note described in the trust deed was in fact due and payable in installments. Appellants admitted that the payments were made in installments of $50 each month. The appellee claimed that appellant William P. Davis, except on one or two occasions, paid only $25 each month instead of $50 appellants agreed to pay.

Appellants introduced a letter from Ben O. Logue, dated November 13, 1956, in which it is stated: "At the present time you are in arrears for the months of October and November." On June 11, 1957, Mr. D. C. Cooley, attorney for the appellee, wrote a letter to Mr. Davis, in which he stated: "At the request of Mr. Ben O. Logue and upon his advice that you have

brought your account up to date, I enclose and return herewith your check of March 9, 1957 * * *''. The defendants also introduced a letter dated April 10, 1958, from D. C. Cooley, addressed to Mr. Davis in which Mr. Cooley said: ''Mr. Ben O. Logue advises that your February, March and April payments are past due. * * *'', and further stated: ''As you well know, from the terms of your note, which was a demand note, and from all understandings and promises about payment of this $2,600.00, you have totally violated any and all agreements that have ever been made.''

Mr. Cooley was introduced as an adverse witness and testified that: ''I have testified I have never seen the note so I consider that statement as a matter of conjecture to me.'' This witness did testify, however, that had all of the payments been made in accordance with the agreement at $50 per month, the note would have been paid in full by June 5, 1958, but stated ''I do know that Mr. Davis never paid fifty dollars per month. He was permitted to pay twenty-five dollars per month.''

I

The appellee did not file a copy of the note on which the claim was based as is required by §1469, Miss. Code 1942, Rec. The appellants therefore objected to proceeding upon the claim until a copy of the note was produced, and obtained a subpoena duces tecum requiring the Finance Corporation to produce the note. The appellee, Finance Corporation, made a search for the note and filed an affidavit that the note had been lost, and gave the contents of the note as described in the trust deed. Testimony was taken upon the loss of the instrument, and the trial court permitted the claimant, Finance Corporation, to proceed to trial upon the affidavit and testimony showing the loss of the instrument and evidence as to its form and content.

■■ ■ We are of the opinion that the court was not in error in proceeding to trial upon the showing of the loss of the note. ■■ ■ This Court has heretofore held that it is not error to permit the plaintiff in the trial court to show a lost instrument on which a suit is based. Home Insurance Company v. Newman, 147 Miss. 237, 111 So. 455. ■■ ■ Moreover, where the correct result is reached by means of one manner of pleading, this Court will not, on appeal, reverse the judgment because another form of pleading might, and probably should have been employed. Noel, Dist. Atty. v. Aron, 8 So. 647 (Miss.)

## II

■■ ■ The appellant has cited authorities to the effect that books and accounts to establish a claim are not admissible in evidence until it is shown that the books and accounts are correct by the testimony of the bookkeeper or some other person under whose personal supervision the books or accounts have been kept. We are of the opinion, however, that this long and well-recognized line of authority is not applicable here, because (1) the claim here is not based upon an account which may be proven by book entries, but rather upon a note, admitted to have been given for the amount set out in the trust deed; and (2) the various items of payment offered in evidence were not introduced for the purpose of showing how much was due on the note but for the purpose of giving the makers of the note credit for any amount shown on the books of the Finance Company to have been paid on the note. ■■ ■ The appellants pleaded payment, and the burden of proof was upon them to show that the amount they admitted to be due the appellee, when the note was made, had been paid. The appellee offered in evidence cancelled checks which were not shown on the payments credited by the Finance Corporation, and the trial

court allowed these additional payments as credits on the note, but the credits offered by the Finance Corporation were in addition to the payments shown by the appellees. The owner of the note could, of course, allow any credit it found the appellants had paid. We are therefore of the opinion that the court did not commit error in admitting the testimony of credits on the note found in the books and files of the Finance Corporation. ██ █ Moreover, this Court has repeatedly held that judgments of the lower court will not be reversed because of the introduction of harmless testimony.

██ █ In 5A C. J. S., Appeal & Error, §1676, p. 677, it is said: "In the interest of the orderly administration of justice and for the avoidance of useless expense to litigants, it is a fundamental principle of appellate procedure which is universally recognized and applied that a party cannot assign as error that which is not prejudicial to him; and harmless error, that is, error as such, unaccompanied by prejudice or injury, is not ground for reversal." See Paramount Fire Insurance Company v. Anderson, 211 Miss. 372, 51 So. 2d 763; Metzger v. Sessions, 198 Miss. 892, 23 So. 2d 746; Foster v. Miss. State Highway Commission, 244 Miss. 57, 140 So. 2d 267; Travis v. Dantzler, 244 Miss. 360, 141 So. 2d 556; Robinson v. Cary-Reid Co., 177 So. 531 (Miss.); Mississippi Utilities Company v. Smith, 166 Miss. 105, 145 So. 896; Ladnier v. Ingram Day Lumber Co., 135 Miss. 632; 100 So. 369.

### III

██ █ It is next argued by appellants that since William P. Davis testified that the note was a demand note, due thirty days after date (or July 1, 1953), the six-year statute of limitations barred the action to recover on the demand note. Appellants theory of the case is somewhat corroborated by the letter from D. C.

Cooley under date of April 10, 1958, supra. We think, however, this argument overlooks the signed admission in the trust deed that the indebtedness was "evidenced by one (1) promissory note of even date herewith, bearing interest at the rate of four percent (4%) per annum, payable as follows to wit: Fifty Dollars ($50.00) per month * * *". Moreover, all of the evidence and circumstances in the record show it was in fact paid in installments. We believe that the chancellor was not manifestly wrong in holding that the note was in fact payable in installments, and was not barred by the six-year statute of limitations, Section 722, Miss. Code 1942, Rec., under the facts developed in this case.

## IV

It is next contended by the appellants that the court erred in not applying the six-year statute of limitations to the monthly payments provided for in the trust deed as they became due; that the statute of limitations ran against each installment on the 5th day of each month, and that on March 12, 1963, the *date of the decree,* forty-five installments were barred by the statute, leaving a balance of only fourteen installments not paid or barred, and that fourteen installments of $50 each leaves a balance due of $700 on the note.

The original suit in this case was filed on May 2, 1958, as shown by the record (See also Davis v. Polk Financial Service, 242 Miss. 419, 135 So. 2d 175), and an amended bill of complaint was filed in August 1958, which joined appellee as a necessary party, and put the indebtedness of the appellants to appellee in issue.

In the case of Wood v. Peerey, 179 Miss. 727, 176 So. 721, this Court held that the filing of the declaration on November 14, 1936, (with a request to the circuit court to issue summons at once in action on a note which was due November 15, 1930), constituted the beginning of a suit which stopped the running of the

six-year statute of limitation notwithstanding the fact the clerk delayed issuance of summons until November 18, 1936, and the summons was not served until December 31, 1936.

██ ██ This Court held in the case of Freeman v. Truitt, 238 Miss. 623, 119 So. 2d 765, that the statute of limitations begins to run as to each installment from the time it falls due. Thus, in the instant case, the statute of limitations could not run on the first installment until July 5, 1959, and on the last installment until July 5, 1964. The appellee was warranted in giving appellants credit for the checks introduced in the sum of $675, and applying these payments to the oldest part of the account. Anderson v. Laurel Oil & Fertilizer Co., 228 Miss. 95, 87 So. 2d 556). ██ ██ It is therefore apparent that the court was warranted in holding that the statute of limitations had not run against the installment payments due on the note.

V

Finally, it is contended that the court was in error in allowing attorney's fee for the collection of the note due by the appellants.

William P. Davis testified that the lost note was identical with the first note he gave appellee, except for different dates and figures. The first note was introduced in evidence and this note provides for ten percent attorney's fee.

██ ██ We are therefore of the opinion that the court was warranted in basing the judgment and allowance of attorney's fee on the testimony of appellant William P. Davis.

██ ██ From the record as a whole, it is apparent that appellants admitted the original indebtedness, and pled payment. The burden of proof is upon the party who pleads the affirmative defense of payment. The appellants failed in their proof to show that the note

had been paid in full, and since the statute of limitation does not apply, ▮▮ ▮▮ we are of the opinion that the chancellor was correct in his holding that the appellants were due the original sum, less such payments as were shown; and we are of the further opinion that the chancellor was not manifestly wrong in determining the amount due. The judgment of the trial court will therefore be affirmed.

Affirmed.

*Kyle, P. J., and Ethridge, Brady and Patterson, JJ.,* concur.