SMITH, Justice:
Dixie Electric Power Association and its Board of Directors have appealed from a decree of the Chancery Court of the Second Judicial District of Jones County entered in a suit brought against them by appellees Kimble Hosey, Talmadge Sumrall, Wyatt' Thornton, C. F. Lowrey, J. A. Craft, Har-lon Murphy, and Carl Hollimon, members of the association.
The sole question involved on the appeal is whether or not members of the association have the right to vote by proxy at their official meetings. Appellees contended, and the chancellor held, that they did. The chancellor found that such right was guaranteed to them by Mississippi Constitution section 194 (1890). That section provides :
The legislature shall provide * * * that in all elections for directors or managers of incorporated companies every stockholder shall have the right to vote, in person or by proxy, the number of shares of stock owned by him for as many persons as there are directors or managers to be elected, or to cumulate said shares * * *.
Appellants argue, however, that electric power associations such as Dixie Electric, a nonprofit membership association, organized under the provisions of Mississippi Code 1942 Annotated sections 5463-5499 (1956), are not within the purview of the quoted section, citing Mississippi Constitution section 199 (1890), which provides:
The term “corporation” used in this article shall include all associations and all joint-stock companies for pecuniary gain having privileges not possessed by individuals or partnerships, (emphasis added).
Appellees respond to that argument by asserting that, even if Dixie Electric is not within the scope of Section 194, supra, nevertheless this right (to vote by proxy) is guaranteed to its members by an express provision of its charter, and thus is a right which it is beyond the power of the board of directors to deny or abrogate.
Mississippi Code 1942 Annotated section 5466 (1956) makes provision for matters to be contained in the certificate or charter of an electric power association such as Dixie Electric. Several items are enumerated, including :
The terms and conditions upon which persons shall be admitted to membership in the corporation.
The certificate of incorporation may also contain any provisions not contrary to law which the incorporators may choose to insert for the regulation of its business and for the conduct of the affairs of the corporation; and any provisions creating, defining, limiting or regulating the powers of the corporation, its directors and members, (emphasis added).
Mississippi Code 1942 Annotated section 5470 (1956) defines and limits the powers of the board of directors of such associations. The powers include, among others,
(1) The power to adopt and amend bylaws for the management and regulation of the affairs of the corporation. The by-laws of a corporation may make provisions, not inconsistent with law or its certificate of incorporation * * *. (emphasis added).
Section 4 of the Certificate of Incorporation of Dixie Electric Power Association provides:
No person may own more than one membership and each member shall be entitled *753 to one vote and no more upon each matter submitted to a vote of the members, and at all meetings of the members at which a quorum is present all questions shall be decided by a vote of a majority of the members present in person or represented by proxy, (emphasis added).
The chancellor based his conclusion that members of the association have the right to vote by proxy and cannot be deprived of it by the board of directors exclusively upon the constitutional guaranty contained in Mississippi Constitution section 194, quoted above. Appellees argue that, even if he was in error as to his reason for that conclusion nevertheless, if the right result was reached and upon any valid theory is capable of being sustained, the decision will not be disturbed on appeal. Since it is the policy of this Court not to reach or decide constitutional questions unless to do so becomes essential to a disposition of the case, we have considered first the contention that the charter provision secures to members the right to vote by proxy.
Limitations upon the power of the board of directors in the adoption of by-laws inconsistent with charter provisions are set out in Section 5470, supra, and appear to be declarative of the general law upon the subject. In 18 American Jurisprudence 2d Corporations section 162, it is stated:
The power to enact bylaws for the regulation of its affairs is inherent in every corporation as an incident of its existence, subject to the limitations that the bylaws must not contravene or be inconsistent with the charter of the corporation or its articles of incorporation. * * * (emphasis added).
It is further stated in 18 American Jurisprudence 2d Corporations section 165:
* * * [Bjylaws must be reasonable and for a corporate purpose, and always within charter limits. * * * All bylaws which are inconsistent with the charter of a corporation or with the governing law are void, (emphasis added).
The corporate charter has been characterized as the “Constitution” of an incorporated body. It is a contract between the state and the corporation and between the corporation and its stockholders. 18 Am.Jur.2d Corporations §§ 84, 85 (1965).
We hold that the right of members of Dixie Electric to vote by proxy derives directly from the charter, does not require implementation through the adoption of by-laws, and may not be impaired by action of a board of directors.
It is, therefore, unnecessary to pass upon appellants’ contention that the board of directors, having repealed a former by-law permitting voting by proxy, the chancellor was without power to “prescribe” a by-law for the association permitting members to vote in that manner.
Since the trial court reached the right result, although basing his conclusion exclusively upon constitutional considerations which we do not reach, this Court will not reverse where the same result must inevitably follow upon another ground. Davis v. Agents Finance Corp., 249 Miss. 839, 164 So.2d 449 (1964); Travis v. Dantzler, 244 Miss. 360, 141 So.2d 556 (1962); Paramount Fire Ins. Co. v. Anderson, 211 Miss. 372, 51 So.2d 763 (1951); Illinois C. R. R. v. Brown, 39 So. 531 (Miss.1905); Gwin v. Williams, 27 Miss. 324 (1854).
Finally, it is argued that proxy voting invites fraud and encourages other abuses. It is even suggested that the association might be taken over or destroyed by some rival organization in a proxy fight. But the fact that the board of directors may not abrogate the charter-protected right of members to vote by proxy is not to be construed as implying an absence of power in that body to adopt by-laws (provided that they are not unreasonable, arbitrary or capricious) regulating the exercise of the right. Such matters as the form and the manner of execution and authentication of the proxy instrument and the fixing of the *754 maximum number of proxies which may be voted by one person would seem to be peculiarly within the province of the board of directors. So that, whether the dangers are real or only apparent, the eventualities apprehended appear to be such as may be circumvented by the adoption of reasonable safeguards against their occurrence.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES, and BRADY, JJ„ concur.