437 So.2d 1005 (1983)
Henry G. MILLS, et al
v.
DAMSON OIL CORPORATION, et al.
No. 54349.
Supreme Court of Mississippi.
September 21, 1983.
*1006 Charles G. Copeland, Harry E. Neblett, Jr., Heidelberg, Woodliff & Franks, Jackson, for appellants.
Ed Brunini, Jr., Brunini, Grantham, Grower & Hewes, Jackson, Matthew Harper, Jr., Holifield & Harper, Laurel, Stanford Young, David Slaughter, Waynesboro, for appellees.
Before PATTERSON, C.J., DAN M. LEE and HAWKINS, JJ., and SUGG, Retired Justice.[1]
HAWKINS, Justice, for the Court:
This case comes to us upon certification from the United States Court of Appeals, Fifth Circuit. See Mills, et al., v. Damson Oil Corporation, et al., 686 F.2d 1096 (5th Cir.1982).
Judge Garwood of that Court has written an analytical and detailed opinion. He has simplified involved facts. He has also carefully researched the history of the legal principles involved in this case, which have been of invaluable assistance to us.
We adopt without repetition the statement of facts of the Court of Appeals opinion.[2]
Likewise, we are in full agreement with and cannot improve upon that Court's analysis of the previous decisions of this Court and the issues involved. No purpose would be served in restating or reiterating them.[3]
QUESTION 1. Whether a defectively acknowledged and recorded deed imparts constructive notice if the defect in the acknowledgement is entirely latent?
This Court's answer to this question is "yes."
We recognize there is a division of authority, but we are convinced better reasoning supports the affirmative. See Amsterdam Lumber, Inc. v. Dyksterhouse, 179 Mont. 133, 586 P.2d 705, 711 (1978); Wayne Building and Loan Co. v. Hoover, 12 Ohio St.2d 62, 231 N.E.2d 873 (1967); Citizens National Bank v. Denison, 165 Ohio St. 89, 59 Ohio Ops. 96, 133 N.E.2d 329 (1956); 59 A.L.R.2d, at 1316, and cases cited therein.
QUESTION 3. Whether a married woman, who in 1940 joins her husband in a deed of his separate property which is *1007 their homestead and which deed, though reciting that the grantors are husband and wife, does not recite that the property is homestead or the separate property of the husband and does not indicate that her joinder is pro forma or limited to a release of her homestead interest is estopped to assert an after-acquired title against the grantee in the deed?
Under the facts of this case, the Court's answer to the question is "no."
The 1940 mineral deed conveyed a part of homestead property. Without Mrs. Mills signing the deed; it would have been void. Miss. Code Ann. Section 89-1-29 (§ 1778 of 1930 Code); Travis v. Dantzler, 244 Miss. 360, 141 So.2d 556 (1962); Hughes v. Hahn, 209 Miss. 293, 46 So.2d 587 (1950); Yazoo Lumber Co. v. Clark, 95 Miss. 244, 48 So. 516 (1909). Twenty years later, after numerous mineral conveyances, Mrs. Mills was deeded an undivided one-sixteenth (1/16) mineral interest. The Damson appellees seek to invoke the doctrine of after-acquired property against her.
As stated in the Court of Appeals opinion, if Mrs. Mills had limited her original conveyance to simply a joinder sufficient to convey her homestead interest, there would have been no basis for application of the doctrine, for the law required her signature to give validity to the deed.
Also, if the conveyance had not covered a homestead interest, an entirely different question would be presented. See Fitzgerald v. Allen, 126 Miss. 678, 89 So. 146 (1921).
The fact that this 1940 mineral conveyance carried a general warranty by both Mills and Mrs. Mills makes no difference in this case. The grantee had actual knowledge this was homestead property at the time of the conveyance, and all subsequent purchasers had constructive knowledge Mrs. Mills could only convey a homestead interest in the 1940 deed as well as of the law that her signature was required to give the deed validity.
We have stated that the doctrine of after-acquired title is "founded upon premises of equitable estoppel." Buchanan v. Stinson (1976), 335 So.2d 912 (Miss. 1976); Crooker v. Hollingsworth, 210 Miss. 636, 46 So.2d 541 (1950).
The mineral deed in this case was on a form, filled in and prepared by a mineral speculator. He knew at most Mrs. Mills could only convey a homestead interest. It would be grossly unfair and inequitable to hold Mrs. Mills to anything beyond a conveyance of her homestead rights in the minerals in the 1940 deed.
In view of our answers to these questions, the remaining questions certified are inapplicable.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] Sitting pursuant to Section 9-3-6 Miss. Code Ann. (Supp. 1982).
[2] Appendix A to that opinion suggests Mrs. Sue Bettie Mills may have acquired less than an undivided one-sixteenth (1/16) interest in the 1960 deed to her, but we do not determine the facts.
[3] Judge Garwood's opinion and our answers here will make for much easier reading than any attempt to duplicate them in this Court's decision.