720 F.2d 874
 Henry G. MILLS, et al., Plaintiffs-Counter-defendants-Appellees,
v.
DAMSON OIL CORPORATION, et al., Defendants-Cross Defendants-Appellees,
J.S. Wheless, Jr., et al.,
Defendants-Counter-plaintiffs-Cross Plaintiffs-Appellants.
 No. 81-4048.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 5, 1983.
 
 Charles G. Copeland, Harry E. Neblett, Jr., Jackson, Miss., for defendants-counter-plaintiffs-cross plaintiffs-appellants.
 Stanford Young, Waynesboro, Miss., for Mills.
 Edmund Brunini, Jr., Jackson, Miss., for Damson.
 Matthew Harper, Jr., Laurel, Miss., for Se Oil.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before GOLDBERG, WILLIAMS and GARWOOD, Circuit Judges.
 GARWOOD, Circuit Judge:
 
 
 1
 As appears from our prior opinions, we previously certified several questions of state law in this case to the Supreme Court of Mississippi, pursuant to its Rule 46. Mills v. Damson Oil Corp., 686 F.2d 1096, reh. denied, 691 F.2d 715 (5th Cir.1982). The Mississippi Supreme Court, 437 So.2d 1005 (Miss.1983), has answered the controlling certified questions, as reflected by its opinion attached as an appendix hereto. In our previous opinions we held that the only defect respecting the recording of the Daws Deed was a wholly latent defect in its acknowledgement. In answer to the first certified question, the Mississippi Supreme Court has held that a defectively acknowledged and recorded deed imparts constructive notice if the defect in the acknowledgement is entirely latent. Accordingly, the Daws Deed imparted constructive notice.
 
 
 2
 As all appellants and their predecessors in title (other than S.J. Wheless, as to whom we previously sustained the district court's finding of actual notice) took under deeds executed subsequent to the recording of the Daws Deed, all accordingly are charged with notice of it, and the Daws Deed being prior in time to the Wheless Deed, the Daws chain of title is hence superior.[1] This disposes, adversely to appellants, of all their otherwise unresolved contentions except their claim of estoppel by deed and after-acquired title in respect to the 1/16th interest deeded to Sue Bettie Mills in 1960.[2] The claimed estoppel rests on Sue Bettie Mills' joinder as grantor with her husband, Claude Mills, in the Wheless Deed, the property in question then being Claude's separate property and the homestead of Claude and Sue Bettie. In answer to the third certified question, the Mississippi Supreme Court has held that, under the facts of this case, Sue Bettie Mills' joinder in the Wheless Deed does not estop her to assert an after-acquired title against the grantee in the Wheless Deed. Hence, we reject appellants' claim of estoppel by deed and after-acquired title.
 
 
 3
 By its answers to the first and third certified questions, the Mississippi Supreme Court rendered the other certified questions immaterial. The remaining potentially dispositive claims of appellants were resolved adversely to them by our prior opinions. Therefore, in accordance with our prior opinions and the response of the Mississippi Supreme Court to the questions certified, the judgment of the district court is AFFIRMED.
 
 
 4
 AFFIRMED.
 
 APPENDIX
 IN THE SUPREME COURT OF MISSISSIPPI
 NO. 54,349
 
 5
 HENRY G. MILLS, ET AL.
 
 V.
 
 6
 DAMSON OIL CORPORATION, ET AL.
 
 
 7
 BEFORE PATTERSON, C.J., DAN LEE, HAWKINS, JJ., AND SUGG, RETIRED JUSTICE[1]
 
 HAWKINS, JUSTICE, FOR THE COURT:
 
 8
 This case comes to us upon certification from the United States Court of Appeals, Fifth Circuit. See Mills, et al. v. Damson Oil Corporation, et al., 686 F.2d 1096 (5th Cir.1982).
 
 
 9
 Judge Garwood of that Court has written an analytical and detailed opinion. He has simplified involved facts. He has also carefully researched the history of the legal principles involved in this case, which have been of invaluable assistance to us.
 
 
 10
 We adopt without repetition the statement of facts of the Court of Appeals opinion.[2]
 
 
 11
 Likewise, we are in full agreement with and cannot improve upon that Court's analysis of the previous decisions of this Court and the issues involved. No purpose would be served in restating or reiterating them.[3]
 
 
 12
 QUESTION 1. Whether a defectively acknowledged and recorded deed imparts constructive notice if the defect in the acknowledgement is entirely latent?
 
 
 13
 This Court's answer to this question is "yes."
 
 
 14
 We recognize there is a division of authority, but we are convinced better reasoning supports the affirmative. See Amsterdam Lumber, Inc. v. Dyksterhouse, 179 Mont. 133, 586 P.2d 705, 711 (1978); Wayne Building and Loan Co. v. Hoover, 12 Ohio St.2d 62, 231 N.E.2d 873 (1967); Citizens National Bank v. Denison, 165 Ohio St. 89, 59 Ohio Ops. 96, 133 N.E.2d 329 (1956); 59 A.L.R.2d, at 1316, and cases cited therein.
 
 
 15
 QUESTION 3. Whether a married woman, who in 1940 joins her husband in a deed of his separate property which is their homestead and which deed, though reciting that the grantors are husband and wife, does not recite that the property is homestead or the separate property of the husband and does not indicate that her joinder is pro forma or limited to a release of her homestead interest is estopped to assert an after-acquired title against the grantee in the deed?
 
 
 16
 Under the facts of this case, the Court's answer to the question is "no."
 
 
 17
 The 1940 mineral deed conveyed a part of homestead property. Without Mrs. Mills signing the deed; it would have been void. Miss.Code Ann. Section 89-1-29 (Sec. 1778 of 1930 Code); Travis v. Dantzler, 244 Miss. 360, 141 So.2d 556 (1962); Hughes v. Hahn, 209 Miss. 293, 46 So.2d 587 (1950); Yazoo Lumber Co. v. Clark, 95 Miss. 244, 48 So. 516 (1909). Twenty years later, after numerous mineral conveyances, Mrs. Mills was deeded an undivided one-sixteenth ( 1/16) mineral interest. The Damson appellees seek to invoke the doctrine of after-acquired property against her.
 
 
 18
 As stated in the Court of Appeals opinion, if Mrs. Mills had limited her original conveyance to simply a joinder sufficient to convey her homestead interest, there would have been no basis for application of the doctrine, for the law required her signature to give validity to the deed.
 
 
 19
 Also, if the conveyance had not covered a homestead interest, an entirely different question would be presented. See Fitzgerald v. Allen, 126 Miss. 678, 89 So. 146 (1921).
 
 
 20
 The fact that this 1940 mineral conveyance carried a general warranty by both Mills and Mrs. Mills makes no difference in this case. The grantee had actual knowledge this was homestead property at the time of the conveyance and all subsequent purchasers had constructive knowledge Mrs. Mills could only convey a homestead interest in the 1940 deed as well as of the law that her signature was required to give the deed validity.
 
 
 21
 We have stated that the doctrine of after-acquired title is "founded upon premises of equitable estoppel." Buchanan v. Stinson (1976), 335 So.2d 912 (Miss.1976); Crooker v. Hollingsworth, 210 Miss. 636, 46 So.2d 541 (1950).
 
 
 22
 The mineral deed in this case was on a form, filled in and prepared by a mineral speculator. He knew at most Mrs. Mills could only convey a homestead interest. It would be grossly unfair and inequitable to hold Mrs. Mills to anything beyond a conveyance of her homestead rights in the minerals in the 1940 deed.
 
 
 23
 In view of our answers to these questions, the remaining questions certified are inapplicable.
 
 
 24
 PATTERSON, C.J., WALKER, P.J., BROOM, P.J., ROY NOBLE LEE, BOWLING, DAN LEE, PRATHER, and ROBERTSON, JJ., CONCUR.
 
 
 
 [1]
 As we have held that the district court properly found Wheless, through his agent Glasco, had actual notice of the Daws Deed before paying any of the consideration for the Wheless Deed, and that Wheless was hence not a subsequent purchaser for a valuable consideration without notice, we need not, and do not, determine what, if any, significance would otherwise attach under Mississippi law to the fact that the Wheless Deed, though executed after execution of the Daws Deed and recorded after recording of the Daws Deed, was nevertheless executed prior to recording of the Daws Deed. See Miss.Code Ann. Secs. 89-5-1, 89-5-3, 89-5-5
 
 
 [2]
 The title chart appended as Appendix A to our prior opinion (686 F.2d 1096 at 1116) attempts to reproduce in similar form a chart introduced in the district court as an exhibit which the parties stipulated accurately depicted the relevant instruments relating to the property commencing with the 1936 Federal Land Bank deed of the surface and a 1/2 mineral interest to Claude Mills. We take this occasion to note two typographical errors in the chart as it appears at 686 F.2d 1116: (1) the chart in our prior opinion indicates that the Daws Deed excepted a " 1/2 interest conveyed to C.R. Ridgway"; this is incorrect, as the exception actually was " 1/4 interest conveyed to C.R. Ridgway" (the original chart as introduced at trial, and a copy of the deed itself, also an exhibit below, both reflect that the exception was for the 1/4 mineral interest conveyed to Ridgway; see also 686 F.2d at 1098); (2) the chart in our prior opinion shows the 1943 mineral deed from Lurline Daws to S.B. Daws as being of a " 1/2 interest"; this is incorrect, and should be a " 1/4 interest" (as is reflected by the original chart and the copy of the deed put in evidence below)
 
 
 [1]
 Sitting pursuant to Section 9-3-6 Miss.Code Ann. (Supp.1982)
 
 
 [2]
 Appendix A to that opinion suggests Mrs. Sue Bettie Mills may have acquired less than an undivided one-sixteenth ( 1/16) interest in the 1960 deed to her, but we do not determine the facts
 
 
 [3]
 Judge Garwood's opinion and our answers here will make for much easier reading than any attempt to duplicate them in this Court's decision