LAYTON, et al. *v.* COOK, d.b.a. COOK'S PHARMACY

No. 42890 February 17, 1964 160 So. 2d 685·

*Upton Sisson, Robert L. Taylor,* Gulfport; *Forrest B. Jackson,* Jackson, for appellants.

*Rae Bryant,* Gulfport, for appellees.

ETHRIDGE, J.

Appellants, Kenneth C. Layton and others, brought this action in the Circuit Court of Harrison County

against Shirley Edward Cook, doing business as Cook's Pharmacy, the appellee, seeking damages for the alleged wrongful death of their son and brother, Kenneth (Kenny) C. Layton, Jr. Miss. Code 1942, Rec., § 1453. Kenny was killed on March 20, 1962 when struck by a Volkswagen automobile driven by Stephen H. Ross, III, who was Cook's employee and was driving the car on an errand for him. At the first trial, the jury returned a verdict for defendant. The circuit court granted a new trial. On the second trial, the jury again found for defendant, and this appeal is from that judgment. We hold that plaintiffs (appellants) were entitled to a peremptory instruction on liability against the defendant, and remand the case for a trial on the issue of damages only.

Courthouse Road in Harrison County runs north and south. It has asphalt pavement about 19 feet in width, with narrow shoulders on both the east and west sides of three to four feet. Beyond the shoulders are drainage ditches. There was no street lighting, but there were a few residences. The accident happened about 800 feet north of a railroad crossing. South of the crossing was a bowling alley. Around 7:00 p.m. Kenny, 14 years of age, and his friend, Mike Turner, 16 years, obtained permission from their parents to walk to the bowling alley. They first went south on the east shoulder of the road, but coming to a ditch, they crossed over to the right shoulder, walking along a pathway on it. Turner said that Kenny walked behind and slightly to the left of him off the pavement. Turner saw a car coming from the south drive over the high railroad embankment, and approaching them with extremely bright lights. He was not aware that the Cook Volkswagen driven by Ross was coming south, he did not see its actual impact with Kenny, heard no warning signal or application of brakes until after the impact, when the car swerved back and fourth across the road and stopped to the south. Ross

came back and asked Turner what he had hit, they looked around and found Kenny's body, which was around 40 to 50 feet from the point of impact. He died shortly thereafter. Turner said that, at the time Kenny was struck, he thought he was off the road about a step behind him, that was his opinion. The northbound car had passed in a matter of seconds before the time of impact.

The testimony of Steve Ross, the defendant's driver, entitled appellants to their requested peremptory instruction. He said he was driving south on Courthouse Road to make a delivery, when he saw a car coming toward him, he dimmed his lights, the other car failed to dim, and the lights of the oncoming car made him "completely blind, and I felt a thud on the fender and I came to a stop as quick as I could." Ross admitted he was driving 40 miles per hour in a 30 mile zone. He did not use his brakes but took his foot off the accelerator. He did not blow the horn. He claimed the lights of the oncoming car suddenly blinded him, and he did not leave the pavement. At the time of impact, the oncoming car was either right beside him or had just passed. He noticed the northbound vehicle had extremely bright lights, and saw him coming 400 yards away, yet he maintained the same speed of 40 miles an hour. He did not see the two boys walking along the shoulder of the road, although they were in front of him. He had his eyes on the bright lights of the oncoming car. Ross said the beams on his Volkswagen were operating, yet he could not explain why he did not see the boys on the shoulder of the road.

In short, the testimony of Ross establishes without dispute that he was negligent, and such negligence was a proximate contributing cause of the boy's death. Ross said the Volkswagen's lights were in good condition. By statute, they must be sufficient for one to see ahead for 500 feet. Miss. Code 1942, § 8229-01. Yet Ross admitted he did not see the two boys on the

side of the road. ▉ ▉ He is responsible for seeing what he should have seen. Moreover, he admitted that he maintained the same speed and did not slow down, although he could see the lights of the oncoming car were extremely bright, and reasonably should have anticipated that they would blind him momentarily if the two cars continued in their courses. Hence the admitted negligence of Ross consisted of several factors: his failure to slow down and get his car under control and stop if necessary when he saw the oncoming car with extremely bright lights and became blinded by them; speed considerably in excess of the posted limits; failure to see the boys on the shoulder of the road; and since he is presumed to see what he should have seen, failure to blow his horn or give any other signal.

Code section 8202(d) states that ''every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary . . . .'' With reference to speed restrictions, section 8176 provides that the operator of a motor vehicle must decrease speed ''when special hazards exist with respect to pedestrians or other traffic, or by reason of weather or highway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person . . . on or entering the highway. . . .''

▉ ▉ In the absence of a statute to the contrary, a pedestrian has the right to use and travel upon any portion of a public highway at any time of the day or night, ''and his rights and the rights of one operating a vehicle thereupon are mutual, reciprocal, and equal.'' ▉ ▉ The operator of a motor vehicle owes to pedestrians walking along the highway the duty to exercise reasonable or ordinary care to avoid injuring them. Hence a motorist is guilty of negligence where he strikes a pedestrian walking along the highway, where in the exercise of reasonable care he should have but did not

see him and could have avoided the accident. 7 Am. Jur. 2d, Automobiles and Highway Traffic, § 400.

The operator of a motor vehicle must anticipate the presence of pedestrians walking along the side of a highway or street. And under circumstances such as existed here, ordinary care on the part of a motorist requires that he give a reasonable and timely warning upon approaching a pedestrian in or walking along the side of a roadway. Ibid., § § 401-402. 7 Am. Jur. 2d, Ibid., § 404 states:

██ ■ "Generally, the duty owed to a pedestrian by a motorist blinded by the headlights of an approaching motorist's vehicle is to exercise reasonable care under the circumstances, or to stop, or to proceed at his peril. Even on the open highway, a motorist blinded by such lights is not entitled to proceed or continue blindly ahead assuming that no pedestrians will be using the road, and under particular circumstances, a motorist who so proceeds may be chargeable with negligence as a matter of law." See also Anno., 22 A.L.R. 2d 292, 381 (1952); 60 C.J.S., Motor Vehicles, § '§ 383, 389; 2A Blashfield, Cyc. of Automobile Law and Practice (1951), § § 1241, 1242, 1254.

In Evans Motor Freight Lines v. Fleming, 184 Miss. 808, 185 So. 821 (1939), a motorist, blinded by the lights of an oncoming truck partly on the wrong side of the road, swerved to the right to avoid a collision, and struck and killed a pedestrian off the pavement. It was held the motorist "was negligent in that he did not slow down and stop when the lights of the truck blinded him, and in proceeding at a high rate of speed in a blinded condition, and in not seeing the deceased traveling along the right side of the highway, and in the direction in which they were traveling." The negligence of the deceased "was very slight, consisting only in being on the righthand side of the highway, instead

of the lefthand side, but off of the traveled part of the highway. . . ."

In Matthews v. Thompson, 231 Miss. 258, 95 So. 2d 438 (1957), both *Fleming* and Keith v. Y. & M.V. Railroad Co., 168 Miss. 519, 151 So. 916 (1934), were discussed, and it was noted that in them the drivers were blinded by lights or were unable to see on account of smoke. In *Matthews* there was an optical illusion created by a flare. The motorist was held to be negligent for continuing to drive under conditions where he could not adequately see the road ahead.

In Robertson v. Welch, 242 Miss. 110, 134 So. 2d 491 (1961), Welch, the defendant, was driving west at night in a heavy rain under conditions where he admitted he could not see. He ran into and killed a woman on the highway. He admitted he did not see her until the impact. A jury verdict for defendant was reversed, judgment was rendered for plaintiffs on liability, and the cause remanded for a new trial on damages. The Court said that a motorist is under a duty "to keep his car under control, and be on the alert for pedestrians and others using the highway. . . . Welch was under the further legal obligation at the time to drive his automobile at such speed as to avoid injury to persons coming within the range of his lights. . . . The appellee had his lights on. Yet, because of the condition of the weather, he could not see. If this was true, then he had no right whatever to operate his automobile blindly down this highway at 35 miles an hour." Accepting alone the admission of Welch, he was negligent, and a proximate contributing cause of the death. See Williams v. Moses, 234 Miss. 453, 106 So. 2d 45 (1958); Ulmer v. Pistole, 115 Miss. 485, 76 So. 522 (1917); Hadad v. Lockeby, 176 Miss. 660, 169 So. 691 (1936); Avery v. Collins, 171 Miss. 636, 157 So. 695 (1934).

In summary, the undisputed testimony of Ross, the driver of Cook's vehicle, shows that he was negligent,

and such negligence was a proximate contributing cause of the boy's death. He admitted he saw the car approaching with extremely bright and blinding lights, he was driving in excess of the speed limit, he did not slow down, he did not see the boys on the shoulder of the road, although his headlights were operating, and although the law presumes that he saw what he should have seen, he did not blow the horn or give any other signal of his approach, and did not even know what he had hit, until after he had stopped the car and walked back to the point of impact. It is pure speculation to say that Kenny was on the pavement at the time he was struck. It is true that Ross said the Volkswagen did not get off the pavement, but he also admitted that he did not see the boys. Kenny's companion, Turner, said they were walking off the pavement, with Kenny just behind him. Defendant's contention that Kenny suddenly stepped onto the pavement in front of the Volkswagen is therefore purely conjectural.

 █ Whether Kenny was contributorily negligent was a question for the jury, █ but under our comparative negligence statute, this would reduce the quantum of damages, not eliminate defendant's liability. Hence the judgment of the circuit court is reversed, and judgment is rendered here in favor of appellants against appellee on the issue of liability. The cause is remanded for trial on the issue of damages only. Upon a retrial of this case, all of the facts may be presented to the jury on the question of negligence of both parties, including the deceased, and the jury will have the right to apportion damages under the comparative negligence act. Vaughan v. Bollis, 221 Miss. 589, 597, 73 So. 2d 160 (1954).

Reversed and judgment rendered for appellants on liability; reversed and remanded for trial on the issue of damages only.

*Lee, C. J., and McElroy, Rodgers and Brady, JJ.,* concur.