**George HORNBURGER, Plaintiff,**

v.

**Thomas T. BAIRD, Defendant.**

**No. GC 79–205–OS–O.**

United States District Court,
N. D. Mississippi,
Greenville Division.

Dec. 10, 1980.

Alan D. Landcaster, Liston, Crull & Gibson, Winona, Miss., for plaintiff.

Roy D. Campbell, III, Campbell & DeLong, Greenville, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The action *sub judice* was submitted to the court in a non-jury trial held at the United States Courthouse in Greenville, Mississippi, on October 10, 1980, and is now ripe for decision.

The court adopts the following findings of fact and conclusions of law as required by Rule 52(a), Fed.R.Civ.P.

### FINDINGS OF FACT

1. Plaintiff, George Hornburger, at the time this action was commenced, was, and is now, an adult resident citizen of the State of Tennessee.

2. Defendant, Thomas T. Baird, at the time this action was commenced, was, and is now, an adult resident citizen of the State of Mississippi. He resides in that portion of the state comprising the area served by the United States District Court for the Northern District of Mississippi.

3. Plaintiff is a son of Grant T. Hornburger (hereinafter called "decedent"), who died on January 31, 1979, as the result of injuries suffered on January 20, 1979, when he was struck by a pickup truck owned and being driven by defendant.

4. Plaintiff brings this action pursuant to Mississippi's wrongful death statute, Miss.Code Ann. 1972 § 11–7–13, as amended, for the benefit of those lawfully entitled to recover damages, if any, for the wrongful death of decedent.

5. The statutory beneficiaries are George Hornburger, plaintiff; Sue Hornburger Moss, Dorothy Hornburger Deloach, and Annie Hornburger Petty, children of decedent; and Cora Hornburger, wife of decedent.

6. Decedent, on January 20, 1979, at approximately 7:00 P.M. was walking in an easterly direction in or near the center of "Pond Road" in Inverness, Mississippi. The road, at this point, is unlighted, except for the head lamps of motor vehicles moving thereon. It is a paved road of sufficient width for two lanes of traffic, one lane for east bound traffic and one for west bound traffic. Decedent was a member of the black race and was dressed in dark clothing. He was under the influence of intoxicating liquor. The weather was cold, the surface of the road was wet; a heavy rainfall having fallen that afternoon and evening. When decedent came in contact with the truck being driven by defendant, as hereinafter more fully described, there was a "mist" falling and a fog existed over the area.

7. On the occasion in question, the truck was being driven by defendant in an easterly direction and approached decedent from the rear. Defendant, some distance from where he approached decedent, placed the head lamps of the truck on "dim". The lamps continued in a "dim" state as the truck approached and came in contact with decedent. The dimming of the head lamps reduced the defendant's range of visibility to a distance of approximately 7 or 8 car lengths. A motor vehicle was approaching decedent and defendant's truck from the east. The head lamps of the vehicle, however, in the exercise of reasonable care could be seen by defendant and decedent. The vehicle was not, however, in such close proximity to decedent or defendant's truck as to justify the dimming of the head lamps on defendant's truck. The dimming of the head lamps on defendant's truck was not reasonably necessary in order to prevent casting of glaring rays into the eyes of the oncoming driver. Defendant dimmed the head lamps of his truck a great distance east of the place where the accident occurred. This was done by defendant in order to see better the road immediately in front of his truck, and not because of the oncoming vehicle.

8. Before his truck collided with decedent, defendant drove the truck in a westerly direction along said road. At a short distance west to the place where the collision later occurred, defendant observed an acquaintance and a disabled automobile just off the pavement on the south side of the road. Having accomplished his mission, on his return, defendant reduced the speed of his truck from approximately 35 miles per hour to 20 or 25 miles per hour to afford him an opportunity to ascertain whether his acquaintance and automobile had been moved. The car was there, but not the acquaintance. Defendant continued at the speed of 20 to 25 miles per hour, until he observed decedent at or near the center of the road. At this time decedent was in such close proximity to the truck defendant could not stop and avoid coming into contact with decedent.

9. As the direct and proximate cause of the collision of decedent and defendant's truck, decedent suffered multiple injuries from which he died on January 31, 1979. During the time between the infliction of his injuries and his ensuing death, decedent

was intermittently conscious, and at times suffered intense and excruciating pain. During the first two days after his injury, decedent was conscious and his pain was intense; thereafter, until four days before his death, the pain occurred during intervals when decedent was conscious. For the last four days of his life, decedent was incapable of experiencing any conscious pain or suffering.

10. Decedent and his wife were living apart at the time of his death. They had been separated for many years. There was little, if any, contact between them. Decedent had lived alone for more than 30 years. His children came to see him on occasions. The evidence shows that the children and decedent had love and respect for each other.

11. The parties having stipulated and the court finds

(a) That plaintiff incurred reasonable burial expenses for his father amounting to $955.00;

(b) That the net cash value of the life expectancy of decedent is $7,000.00.

(c) That the reasonable and necessary medical expenses incurred in the treatment of decedent's injuries amounted to $7,520.45.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties and the subject matter. 28 U.S.C. § 1332(a)(1).

2. The venue is proper. *See* 28 U.S.C. § 1391(a).

3. Plaintiff is a proper person to prosecute this wrongful death action for and on behalf of himself, the other wrongful death beneficiaries of decedent, and decedent's personal representative. Miss.Code Ann., 1972 § 11–7–13.

4. Defendant negligently operated his truck on the occasion in question; and this negligence proximately contributed to the injuries and death of decedent in the following respects:

a. Defendant operated the truck at a greater rate of speed than was reasonable and proper under the circumstances then and there existing. *Salster v. Singer Sewing Mach. Co.*, 361 F.Supp. 1056, 1060 (N.D. Miss.1973).

b. Defendant in the exercise of ordinary and reasonable care should have reduced the speed of his truck so as to enable him to keep his truck under control and stop the truck and avoid striking decedent when decedent came within the range of the head lamps of the truck. This he failed to do. That decedent was at or near the center of the road, under the influence of intoxicating liquor, and a black man dressed in black clothing, in and of itself, does not absolve defendant of his liability. Miss.Code Ann. 1972 § 63–3–505, *Robertson v. Welch*, 242 Miss. 110, 134 So.2d 491, 493 (1961); *Salster v. Singer Sewing Mach. Co.*, supra, at 1061; *Cole v. Todd*, 355 So.2d 292, 294 (Miss.1978); *Layton v. Cook*, 248 Miss. 690, 160 So.2d 685, 687 (1964); *Fowler Butane Gas Company v. Varner*, 244 Miss. 130, 141 So.2d 226, 230 (1962).

c. As has been hereinbefore mentioned, defendant was under a duty to exercise due care to avoid colliding with decedent at the time and place of the collision. He failed to perform this duty. Defendant's failure was proximately caused by the circumstances which he created through his own negligence by failing to have his truck under such control as to enable him to observe decedent in the roadway ahead in time to have given warning by sounding the horn of the truck and exercising proper precaution to avoid the collision. Miss.Code Ann. 1972 § 63–3–1105(4).

d. The decedent was at or near the center of the road when he either fell into or was struck by the left front fender of defendant's truck. The collision occurred at a point in the roadway where there was not a marked crosswalk or an intersection. Under such circumstances, decedent owed a duty to yield the right-of-way to defendant's truck. Decedent failed to perform this duty and was negligent in that regard. This negligence proximately contributed to

his injuries and death. Miss.Code Ann. 1972 § 63–3–1105(1).

e. Decedent failed to exercise reasonable care for his own safety in being in the center of the roadway under the prevailing weather conditions and traffic hazards while under the influence of intoxicating liquor. The failure to exercise reasonable care under such conditions constituted negligence on the part of decedent which proximately contributed to his injuries and death.

f. The negligence of decedent and that of defendant combined to bring about decedent's injuries and death. The court concludes that they were guilty of negligence in equal degrees. In view of Mississippi's contributory negligence statute, Miss.Code Ann. 1972, § 11–7–15, plaintiff's recovery must be limited to 50 percent of the total loss.

g. The damages accruing to the statutory beneficiaries of this wrongful death action, without diminution attributable to the negligence of decedent, are:

1. The net cash value of decedent's life expectancy, the sum of $7,000.00.

2. Loss of love, companionship and society of decedent with his children, the sum of $10,000.00.

3. Compensation for the pain and suffering endured by decedent as a proximate result of the injuries he sustained in said collision between the time of the collision and the date of his death, the sum of $20,000.00.

4. The medical expenses necessarily incurred in the treatment of the injuries suffered by decedent, the sum of $7,530.45.

5. Funeral expense for decedent in the sum of $955.00.

h. Plaintiff is entitled to recover of the defendant fifty per cent or one-half of the aggregate of damages, as aforesaid, which amount to the sum of $45,485.45. The amount of recovery is limited to $22,742.73.