519 So.2d 1236 (1988)
J.D. HOOD
v.
Hollis OAKLEY, & R.E. West, d/b/a R.E. West Trucking Company.
No. 57511.
Supreme Court of Mississippi.
February 17, 1988.
*1237 Jim Waide, Estes & Waide, Tupelo, for appellant.
Robert B. Marshall, Jr., West Point, for appellees.
Before ROY NOBLE LEE, C.J., and ROBERTSON and ANDERSON, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
J.D. Hood appeals from a judgment of the Circuit Court of Clay County, Mississippi, entered on a jury verdict in favor of Hollis Oakley and R.E. West, d/b/a R.E. West Trucking Company and against J.D. Hood, whose suit was for personal injuries. We affirm.
On the night of February 7, 1985, at approximately 7 p.m., appellant was travelling south on U.S. Highway 45 to his home in West Point, Mississippi. He had left Pop's Pub, a tavern located north of the city, where he had been drinking beer. Appellant thought about a matter which he had intended to discuss with a tavern patron, and he attempted to turn his automobile around and head back north on the highway to the tavern. The highway was clear, but the shoulders were icy, and when appellant pulled into a roadside park adjacent to the highway for the purpose of turning around, his vehicle became stuck in the ice. He began walking toward the tavern on the west paved portion of the southbound lane, against the traffic.
Hollis Oakley was driving a 61-foot tractor-trailer rig in a northerly direction on U.S. Highway 45 and was acting in the scope and course of his employment with R.E. West, d/b/a R.E. West Trucking Company. *1238 Oakley drove his rig into the left or southbound lane of traffic in order to pass a slower-moving vehicle. According to Oakley, he looked into his side-view mirror to make sure that the trailer had cleared the slower vehicle. He had almost passed the vehicle when he saw appellant standing toward the center part of the southbound lane. Oakley turned the steering wheel hard right, but struck the appellant with the left front part of the truck, knocking him into a ditch.
Oakley summoned help, and appellant was taken to Ivy Memorial Hospital in West Point, where it was determined that he had sustained serious injuries.

I.

THE LOWER COURT ERRED IN DENYING APPELLANT'S MOTION FOR A DIRECTED VERDICT ON THE ISSUE OF LIABILITY.
The appellant contends, as a matter of law, the appellees were guilty of negligence since Oakley did not see appellant in the highway in time to avoid striking him. Mississippi Code Annotated § 63-3-1105 (1972) provides that every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles on the roadway. Further, Mississippi Code Annotated § 63-3-1112 (1972) provides that notwithstanding any other provision of the chapter, or the provisions of any local ordinance, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian or any person propelling a human-powered vehicle and shall give an audible signal when necessary and shall exercise proper precaution upon observing any child or any obviously confused, incapacitated or intoxicated person.
In Layton v. Cook, 248 Miss. 690, 160 So.2d 685 (1964), the Court said:
In the absence of a statute to the contrary, a pedestrian has the right to use and travel upon any portion of a public highway at any time of the day or night, "and his rights and the rights of one operating a vehicle thereupon are mutual, reciprocal, and equal." The operator of a motor vehicle owes to pedestrians walking along the highway the duty to exercise reasonable or ordinary care to avoid injuring them. Hence a motorist is guilty of negligence where he strikes a pedestrian walking along the highway, where in the exercise of reasonable care he should have but did not see him and could have avoided the accident. 7 Am.Jur.2d, Automobiles and Highway Traffic, § 400.
248 Miss. at 696-97, 160 So.2d at 687.
In Smith v. Walton, 271 So.2d 409 (Miss. 1973), which involved a similar factual situation to the case at bar, the Court held that the trial court was correct in refusing a directed verdict for pedestrian/plaintiff, stating that "... `All questions of negligence and contributory negligence' are for the jury to decide upon proper instructions of the court as to the applicable principles of law involved." 271 So.2d at 409, quoting Mississippi Code Annotated § 11-7-17 (1972).
We are of the opinion that, under the facts of this case, it was for the jury to decide whether or not the appellees were guilty of negligence which proximately caused or contributed to the accident and the injuries sustained by appellant.
This assignment of error is without merit.

II.

THE LOWER COURT ERRED IN ADMITTING EVIDENCE THAT APPELLANT WAS CHARGED WITH A MISDEMEANOR, AND THAT THE APPELLEE OAKLEY WAS NOT CHARGED WITH AN OFFENSE.
During appellant's direct examination of the investigating highway patrolman, the accident report filled out by the patrolman was received into evidence. The report contained a statement that appellant had been issued a citation for public drunkenness in connection with the accident. On cross-examination of the patrolman, appellees brought out that appellant had received a citation and that no citation was issued to the driver Oakley. Appellant's objection to the testimony was overruled. Appellant cites and relies upon West Cash *1239 & Carry Building Materials v. Palumbo, 371 So.2d 873 (Miss. 1979), wherein the Court said:
We think this question should not have been propounded as it had the potential of prejudicing the jury. However, an objection was promptly sustained to it and the court instructed the jury to disregard the remark, voir dired the jury, and each of them responded that he would disregard any reference to the statement in considering his verdict.
371 So.2d at 876-77.
Appellant contends that, if the objection in West had been overruled, as here, the admission of the testimony complained of would have constituted reversible error on the grounds of prejudice. The general rule in this and other jurisdictions is that evidence of the issuance or non-issuance of traffic citations for an accident is inadmissible toward determining liability. Harmon v. Town of Afton, 745 P.2d 889 (Wyo. 1987); Frias v. Valle, 101 Nev. 219, 698 P.2d 875 (1985); Ingrum v. Tucson Yellow Cab Co., 131 Ariz. 523, 642 P.2d 868 (1981); Groves v. Compton, 167 W. Va. 873, 280 S.E.2d 708 (1981); Chewakin v. St. Vincent, 275 N.W.2d 300 (N.D. 1979); Condra Funeral Home v. Rollin, 158 Tex. 478, 314 S.W.2d 277 (1958).
The court erred in admitting the testimony regarding citations, but we are of the opinion that the error did not rise to the level of reversible error. The record reflects that appellant, not appellees, introduced the accident report containing the citation information. To that extent, appellant invited the error by opening the door for appellee's cross-examination.
The record further shows that the jury was instructed that "the mere fact that a person is drinking or even is intoxicated is not relevant in reaching your decision unless you find that this intoxication or drinking played some role in causing the accident." Instruction P-11. The instruction tends to mitigate any prejudice caused by the patrolman's testimony as to the citations. Further, apart from the citation, there was other evidence pertaining to appellant's intoxication. The highway patrolman testified that at the hospital appellant had a "very strong smell of alcoholic beverage on him." The hospital security guard testified that "there was a distinct odor of alcohol" on appellant and "[h]e had most definitely been drinking; to what extent of intoxication I couldn't say." An emergency room nurse testified, "There was a heavy odor of alcohol on Mr. Hood's breath," and "In my opinion Mr. Hood was moderately to heavily intoxicated." A nurse's aide at the hospital testified, "He had been drinking ... I'm going to say he was just about drunk...."
Therefore, we are of the opinion that the error was harmless, since there was no resulting prejudice. City of Jackson v. Richland Water & Sewer District, 475 So.2d 143 (Miss. 1985); Davis v. Agents Finance Corp., 249 Miss. 839, 164 So.2d 449 (1964).

III.

THE LOWER COURT ERRED IN REFUSING TO INSTRUCT THE JURY THAT APPELLANT WAS ENTITLED TO A VERDICT IF APPELLEE'S NEGLIGENCE WAS A PROXIMATE CONTRIBUTING CAUSE OF THE INJURIES, AND THAT IT WAS UNNECESSARY THAT IT BE THE SOLE AND ONLY CAUSE OF THE INJURIES.

IV.

THE LOWER COURT ERRED IN REFUSING TO INSTRUCT THE JURY THAT THE APPELLEES WERE UNDER A DUTY TO DRIVE THEIR TRUCK AT SUCH A SPEED AND IN SUCH A MANNER THAT WOULD ENABLE THEM TO STOP WITHIN THE RANGE OF THE HEADLIGHTS.

V.

THE LOWER COURT ERRED IN REFUSING TO INSTRUCT THE JURY THAT THE APPELLEE OAKLEY WAS UNDER A DUTY TO SEE WHAT HE SHOULD HAVE SEEN.
The appellant complains that the lower court's refusal of Instruction P-1 constituted error. That instruction would *1240 have informed the jury that, if the negligence of defendant Oakley was the proximate, contributing cause of the injuries to Hood, then the defendants are liable to Hood to the extent that Oakley's negligence contributed to Hood's injuries. However, the jury was instructed on comparative negligence in Instruction P-3:
The Court instructs the jury that if you find that the accident in this case was caused both by the negligence of Hood, and by the negligence of Oakley, then you should reduce the damages by such amount as you find to be attributable to the negligence of Hood.
In Wright v. Stevens, 445 So.2d 791 (Miss. 1984), the Court said:
[W]e do not consider rejected jury instructions in a vacuum. That the rejected instruction may state a sound principle of law ... does not mean its refusal was error. Rather, we look at all the instructions given. We consider the court's total charge to the jury. If the point encompassed by the rejected instruction was fairly included in other instructions given the jury, reversal is not required.
445 So.2d at 795.
In addition, in its total charge to the jury on the issue of liability, the lower court thoroughly explained the meaning of comparative negligence and how the jury might arrive at an award of damages to the plaintiff if it found the appellees were guilty of negligence proximately causing or contributing to the injuries.
The jury was fully instructed on this point.
The appellant complains that the refusal of Instruction P-20, which would have told the jury that, if it believed from a preponderance of the evidence that the defendant Oakley was not driving in a manner that would enable him to stop within the range of his headlights, then he was negligent, and it was the duty of the jury to return a verdict for Hood.
"The general rule is well established that it is negligence for a motorist to operate an automobile on a highway at such speed that it cannot be stopped within the range of the driver's vision." Butler v. Chrestman, 264 So.2d 812, 815 (Miss. 1972). This rule is not a hard and fast one, nor does it require "infallibility of the nocturnal motorist." Hankins v. Harvey, 248 Miss. 639, 661, 160 So.2d 63, 72 (1964); White v. Miller, 513 So.2d 600 (Miss. 1987); Jones v. Hatchett, 504 So.2d 198 (Miss. 1987). The "range-of-vision" rule is to be applied according to the facts and circumstances of the individual case. Huff v. Boyd, 242 So.2d 698 (Miss. 1971); Jester v. Bailey, 239 Miss. 384, 123 So.2d 442 (1960); Planters Wholesale Grocery v. Kincade, 210 Miss. 712, 50 So.2d 578 (1951).
As stated above, the jury was adequately instructed by other instructions granted on this question, and there was no error in refusal of Instruction P-20.
Lastly, the appellant complains that the lower court erred in refusing Instruction P-18. However, the instruction P-17 covered the proposition contained in P-18, and even at greater lengths. As stated above, the trial court is not required to give repetitive instructions. There is no merit in the assigned Error V.
There being no reversible error in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.