606 So.2d 111 (1992)
Treshika DENNIS, By and Through Her Natural Mother and Next Friend, Mary Beatrice COBB
v.
Patsy BOLDEN.
No. 89-CA-1207.
Supreme Court of Mississippi.
August 12, 1992.
Rehearing Denied October 29, 1992.
David S. Crawford, Wilkerson & Crawford, Woodville, for appellant.
*112 Richard C. Williams, Jr., Upshaw Williams Biggers Page & Kruger, Greenwood, for appellee.
Before HAWKINS, P.J., and PRATHER and McRAE, JJ.
HAWKINS, Presiding Justice, for the court:
Treshika Dennis, through her mother Mary Beatrice Cobb, appeals from a jury verdict and judgment in favor of Patsy Bolden in the circuit court of Wilkinson County. Treshika was injured when struck by a car driven by Bolden. Because the evidence did not warrant a defense instruction on Treshika suddenly running or darting into the path of the vehicle, we reverse.

FACTS
Woodville is a small town and county seat of Wilkinson County. Royal Oak Street runs north and south on the west side of the court square. On the west side of the street, the cars park parallel to the curb. There is a white line several feet from and parallel to the curb, and white lines at right angles to the curb marking the parking spaces. On the east (courthouse side), cars park diagonally to the curb.
On Saturday, May 21, 1988, Treshika Dennis, a four-year-old girl, was living with her grandmother, Mildred Dennis Rayfords, in Woodville. Mildred asked their neighbor, James "Bo Jack" Wilson, for a ride to town. It was early afternoon, and Wilson transported Mildred, Treshika and Patricia Denise Dennis, Mildred's daughter and Treshika's aunt, in an old model Chrysler two-door to town. Patricia rode in the back seat, Mildred rode on the right side of the front seat, and Treshika rode in the middle.
Wilson parked on the west side of Royal Oak Street in front of the bank, but somewhat diagonally to the curb. Mildred got out of the car first, Treshika second, and Patricia last. Treshika went around the car and was standing on the street close to the edge of Wilson's car.
It is not clear from this record whether Treshika went around the front or the back of Wilson's car. At some places Mildred states it was in the front, and at others seems to be saying it was the rear. Wilson testified it was in the front. Mildred's testimony is very clear and certain on one point, that she had her eyes on her granddaughter at all times. While Patricia was in the process of getting out of the car and into the street, Mildred was standing on the passenger side of the car talking to Wilson. She said her granddaughter, Treshika, was standing near the white line marking the parking boundary, and was not moving.
At this time the defendant, Patsy Bolden, driving an old model two-door Ford, turned into Royal Oak Street at the red light a block north of the square, and headed south. She did not see Treshika and her car struck her. Joyce Wyatt, the sister of Patsy, was riding in the car as a passenger. Her testimony is somewhat equivocal. She testified first that Treshika was standing alongside Wilson's car, and not moving, when she was struck. She also testified that she never saw the child until the car struck her.
Treshika suffered serious personal injuries. Suit was filed against Patsy on February 13, 1989, and there was a jury trial on September 19, 1989.
At trial Mildred was positive that Treshika was standing still when she was struck by Patsy's car. She testified to this repeatedly. She was asked if she had not told a nurse in the emergency room that Treshika ran out in front of a car. Mildred replied that she did not remember saying this, but she was so upset and frightened at the time, she really did not remember. The nurse on duty testified that Mildred had made such statement, but also conceded on cross-examination that she may have told the attending physician on duty that Treshika was struck by a moving vehicle.
Following trial, there was a jury verdict in favor of Patsy Bolden, and Treshika and her mother Mary Beatrice Cobb have appealed.

*113 LAW
Three issues are raised on this appeal:
1. the erroneous granting of a defense instruction;
2. that the plaintiffs were entitled to a peremptory instruction on liability; and
3. that the verdict of the jury is against the overwhelming weight of the evidence.

I. DEFENSE INSTRUCTION
Instruction D-11, given over the objection of the plaintiff, reads as follows:
The Court instructs the jury that when a motorist is driving at a reasonable rate of speed, is obeying the rules of the road, and operating her automobile with due care she is not liable for any injuries to a child who darts out from behind a parked car so suddenly that the driver cannot stop or otherwise avoid injuring the child. If you believe that on the day of the accident Patsy Bolden was driving at a reasonable rate of speed and obeying the rules of the road, and if you believe that Treshika Dennis ran out from the front of Jack Wilson's parked car so suddenly that Patsy Bolden could not stop or otherwise avoid collision with the child, then the Court instructs you that Patsy Bolden is not liable for any injuries received by Treshika Dennis, and you should return a verdict for the Defendant, Patsy Bolden. (Emphasis added)
The circuit judge gave this instruction based upon the statement Mildred allegedly made to the nurse on duty at the emergency room.
After a careful study of this record, we conclude that granting this instruction was error. Mildred was an uneducated, 39-year old woman at the time of trial, and she consistently and repeatedly made two points, namely: (1) that she never took her eyes off this child, and (2) Treshika was standing still when struck by the car.
Keeping a close eye on her small grandchild was natural, and what any normal grandmother would have done under the circumstance. Her testimony was clear and positive, and repeated that Treshika was not moving when struck, but standing there at the edge of the parking area. The remark she made at the emergency room when she did not know if Treshika would live or die should not in this case discount her positive, unequivocal testimony. Had there been a more complete relation of events, we could have a different matter. The circumstances under which the statement was made, and its brevity, however, lead us to conclude it should not discount the positive testimony she gave in court.
Fortifying this conclusion is the testimony of Joyce Wyatt that Treshika was standing still when the car struck her. Moreover, accepting as true that neither Joyce nor Patsy saw Treshika prior to the car striking her, this also is more consistent with the little child simply standing there than moving. Had Treshika in fact run out into the car's path, in all likelihood one or both these individuals would have seen her at least an instant before the impact. Had there been evidence to support such instruction, it would have been proper. Rester v. Lott, 566 So.2d 1266, 1269 (Miss. 1990); Copeland v. City of Jackson, 548 So.2d 970, 976 (Miss. 1989).
Because there is no substantial, credible evidence supporting the theory that Treshika suddenly "ran" or "darted" in front of a car, the instruction should not have been given.

II. EVIDENCE:

WERE PLAINTIFFS ENTITLED TO A PEREMPTORY INSTRUCTION?
This case presents a very close question on whether or not Patsy was negligent as a matter of law in never seeing Treshika until after the accident, and the jury should have been so instructed. The driver of a car is charged with the duty of keeping a proper lookout and being on alert for vehicles, objects and persons ahead in the highway. Fowler Butane Gas Co. v. Varner, 244 Miss. 130, 141 So.2d 226 (1962); Belk v. Rosamond, 213 Miss. 633, 57 So.2d 461 (1952). The driver is charged *114 with the absolute duty of seeing what he should have seen. Tippit v. Hunter, 205 So.2d 267 (Miss. 1967); Campbell v. Schmidt, 195 So.2d 87 (Miss. 1967); Layton v. Cook, 248 Miss. 690, 160 So.2d 685 (1964). He is also required to have his car under proper control, to be on the alert on the highway, and avoid striking plain objects. Barkley v. Miller Transporters, Inc., 450 So.2d 416 (Miss. 1984); Shideler v. Taylor, 292 So.2d 155 (Miss. 1974).
This accident occurred on a clear day, and on a straight street. In view of the evidence that the front of the car did not strike the child, however, and that she was struck by the side of the vehicle, the circumstances of this accident are not quite certain enough to warrant a directed verdict on liability, at least on the record before us.
Because the jury was erroneously instructed, and the case is being reversed on this ground, we do not address the question of whether the verdict of the jury is against the overwhelming weight of the evidence.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.