# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CA-00227-SCT

*GEORGE READY, II*

*v.*

*RWI TRANSPORTATION, LLC AND DAVID
WILLIAMS*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/21/2015 |
| TRIAL JUDGE: | HON. C. E. MORGAN, III |
| TRIAL COURT ATTORNEYS: | CHARLES M. MERKEL, JR. |
| | JAMES R. MOORE, JR. |
| | RONALD ERIC TONEY |
| COURT FROM WHICH APPEALED: | GRENADA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | EDWARD P. CONNELL, JR. |
| | CHARLES M. MERKEL, JR. |
| | CORRIE SCHULER |
| ATTORNEYS FOR APPELLEES: | JAMES R. MOORE, JR. |
| | RONALD ERIC TONEY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 11/03/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KITCHENS AND COLEMAN, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1. RWI Transportation LLC (RWI) and David Williams were granted summary judgment after the trial court determined that neither owed a duty to George Ready II related to a subsequent accident which occurred approximately one hour later and three-fourths of a mile away from an initial accident. We affirm the trial court's grant of summary judgment in favor of RWI and Williams.

## STATEMENT OF FACTS AND PROCEEDINGS BELOW

¶2.     The parties agreed and stipulated to the following facts:

This lawsuit concerns two automobile accidents that occurred on Interstate 55 North in Grenada County on the evening of Thursday, May 24, 2012. The first accident involved David Williams and Brian Spurlock ("Williams accident"). At 7:13 p.m., Williams was traveling northbound on I-55 in a tractor-trailer leased to RWI Transportation, LLC. As Williams attempted a lane change, the left side of his trailer contacted the right side of a 2004 Ford Ranger truck driven by Spurlock. This contact caused Spurlock's truck to overturn coming to rest partially across both northbound lanes of travel. Spurlock's truck came to rest on a bridge over the Yalobusha River. The southern end of the bridge is located approximately 4,500 feet north of the northbound offramp designated as Exit 206. Following the accident, Williams drove his tractor-trailer to the east side shoulder of I-55, outside of the travel lanes north of the Yalobusha River bridge.

Officer Derrick Willis of the Mississippi Highway Patrol was dispatched to the accident scene where he arrived at 7:34 p.m. Officer Willis parked his patrol car south of the accident scene and activated his blue flashing lights. Officer Willis stopped any northbound traffic since Spurlock's vehicle was overturned partially across both lanes. At least one City of Grenada police officer assisted with traffic control. A tow truck was dispatched to [turn over] Spurlock's truck and tow it from the accident scene. At approximately 8:09 p.m., Willis re-opened both northbound traffic lanes and left the accident scene.

The second accident involved George Ready, II, and a UPS tractor-trailer driven by Shannon Carroll ("Ready accident"). The Ready accident occurred nearly three quarters (3/4) of a mile south of the Williams accident. At the time of the second accident, Ready was traveling northbound in the right travel lane of I-55 in a 2007 GMC Sierra truck. Approximately 730 feet north of the ramp to the Exit 206 overpass, Ready collided with the rear of a stopped UPS tractor-trailer driven by Shannon Carroll. The UPS tractor-trailer was still stopped in the right hand northbound travel lane where it had been forced to stop as a result of backed-up traffic from the Williams accident. Officer Willis, who had left the Williams accident scene at 8:09 p.m., crossed over I-55 and traveled southbound on I-55, where he observed Ready's truck in the median and diverted to the accident scene, noting his arrival time at 8:21 p.m.

2

¶3.     Ready filed suit against RWI and Williams, alleging claims of negligence and negligent entrustment. RWI and Williams moved for summary judgment, arguing that Ready's injury was not a foreseeable consequence of Williams's accident, thus Ready could not establish that he was owed a duty by RWI and Williams. In support of their motion, RWI and Williams submitted sworn statements from two witnesses. Officer Willis testified that the weather was clear, the lanes were dry, and it was daylight at the time of the accident. Gordon Eugene Wilson Jr. testified that he was positioned directly in front of the UPS tractor-trailer that was rearended by Ready.

¶4.     Wilson testified that both he and Carroll had activated their four-way flashing lights while stopped. Wilson observed Ready's truck traveling at a speed of sixty-five-to-seventy miles per hour as Ready approached traffic. Just before Ready rearended Carroll's UPS tractor-trailer, Wilson "heard the pickup truck's brakes 'squawk' as it attempted to swerve left. But it was too late to avoid striking the UPS tractor-trailer." Wilson testified that he saw nothing that would have prevented Ready from seeing the UPS tractor-trailer in front of him. Ready offered no testimony by affidavit or otherwise contrary to the sworn testimony of Willis and Wilson.

¶5.     After hearing arguments, the trial court entered an order granting summary judgment in favor of RWI and Williams. The trial court stated that, before it could find RWI and Williams owed a duty to Ready, it first must determine whether Ready's injuries were reasonably foreseeable. The trial court found that the time and distance between the two accidents were so removed that it was not foreseeable that Williams's accident would cause

3

Ready's injuries. The trial court further found that RWI and Williams owed no duty to Ready. He ruled that Ready's negligence claim could not survive summary judgment.

¶6. Ready filed a motion pursuant to Rule 59 of the Mississippi Rules of Civil Procedure, requesting the trial court alter or amend its ruling because questions of negligence should be tried before a jury. Ready argued that issues of time and distance as they related to negligence were jury issues, and summary judgment was inappropriate. The trial court denied Ready's Rule 59 motion and issued a final judgment of dismissal with prejudice. Ready appealed and set forth the following issues:

I.      Whether the trial court erred in holding that, as a matter of law, the injuries and damages involving the plaintiff-appellant, George Ready II, were an unforeseeable result of the negligence of the defendants-appellee[s], RWI Transportation, LLC and David Williams, and that the defendants-appellees accordingly owed no duty to Ready.

II.     Whether, under Mississippi law, the negligent actions of the defendants-appellees were a proximate cause or a proximate contributing cause of George Ready II's injuries.

III.    Whether George Ready II was negligent as a matter of law under Mississippi law.

This Court will address whether summary judgment was properly granted.

**ANALYSIS**

¶7. This Court applies a *de novo* standard of review for grants of summary judgment. *Harris v. Darby*, 17 So. 3d 1076, 1078 (Miss. 2009). "It is well settled that to prevail on a negligence claim, a plaintiff must prove, by a preponderance of the evidence, duty or standard of care, breach, causation and damages. Summary judgment is appropriate where the nonmoving party cannot make a prima facie showing of all of the elements of his or her

4

claim." ***Huynh v. Phillips***, 95 So. 3d 1259, 1262 (Miss. 2012) (internal citations omitted).

This Court has held that the existence of duty is a question of law to be decided by the trial

court. ***Foster v. Bass***, 575 So. 2d 967, 972-73 (Miss. 1990).

¶8.    The trial court ruled that Williams and RWI had no duty to Ready, as Ready's accident

and injuries were too remote in space, time, and distance to their actions. Specifically, the

trial court found that:

> this court must consider how remote Ready's injuries were from the alleged
> negligence, which in the present case would be Williams's careless driving
> which resulted in the initial accident and the subsequent backed up traffic. The
> record clearly reflects that approximately 55 minutes passed between
> Williams's and Spurlock's accident and the Ready accident. In addition to the
> passage of almost an hour, the actual distance between the two accidents is
> nearly 3/4 of a mile. Both of these factors represent remoteness in space,
> distance, and time that creates a chasm too wide between the two accidents to
> maintain any duty within the zone of risk between Williams and Ready.
> Furthermore, Williams was unquestionably culpable  for the initial accident,
> but to find that he is also culpable for an accident that occurs almost an hour
> after his accident and 3/4 of a mile behind him is out of proportion to his duty
> as a driver. . . . Williams's initial negligence in causing the Spurlock accident
> seems highly unlikely to then cause an accident an hour and 3/4 of a mile later.
> While it is foreseeable that an accident could trigger events that lead to a
> subsequent accident, **in the present case**, time and distance create a scenario
> so remote that to allow [a claim] would be unreasonable. . . . If an accident so
> removed by space, distance, and time can be viewed as foreseeable, then it
> would allow recovery "that has no sensible or just stopping point."

(Emphasis added.)

¶9.    In examining the four basic elements that a plaintiff must prove to prevail in a

negligence action, foreseeability can be involved in at least two of those: duty and causation.

The trial judge's reference was related to duty and the legal cause, not to be confused with

proximate cause, which includes cause in fact and legal cause. *See **Huynh***, 95 So. 3d at 1263.

5

While duty and causation both involve a foreseeability analysis, duty is an issue of law, and causation is generally a matter for the jury. *See* W. Page Keeton, *Prosser and Keeton on Torts* § 37, 236 (5th ed. 1984).

¶10.　Among other duties, drivers of vehicles in our state are charged with:

> keeping a proper lookout and being on alert for vehicles, objects and persons ahead in the highway, ***Fowler Butane Gas Co. v. Varner***, 244 Miss. 130, 141 So. 2d 226 (1962); ***Belk v. Rosamond***, 213 Miss. 633, 57 So. 2d 461 (1952), . . . seeing what he should have seen, ***Tippit v. Hunter***, 205 So. 2d 267 (Miss. 1967); ***Campbell v. Schmidt***, 195 So. 2d 87 (Miss. 1967); ***Layton v. Cook***, 248 Miss. 690, 160 So. 2d 685 (1964), hav[ing] his [vehicle] under proper control, being on the alert on the highway, and avoiding striking plain objects. ***Barkley v. Miller Transporters, Inc.***, 450 So. 2d 416 (Miss.1984); ***Shideler v. Taylor***, 292 So. 2d 155 (Miss.1974).

***Dennis By and Through Cobb v. Bolden***, 606 So. 2d 111, 113-14 (Miss. 1992). In ***Robison v. McDowell***, 247 So. 2d 686, 689 (Miss. 1971), this Court affirmed its prior holdings in ***Hoke v. W. L. Holcomb & Assocs., Inc.***, 186 So. 2d 474 (Miss.1966) and ***Mississippi City Lines, Inc. v. Bullock***, 194 Miss. 630, 13 So. 2d 34 (1943), that:

> negligence is remote and non-actionable which merely causes a person to be at a particular place at a particular time where such person is injured as a result of the negligent act of another, who puts in motion a different and intervening cause which efficiently leads in unbroken sequence to the injury.

***Saucier v. Walker***, 203 So. 2d 299, 304 (Miss. 1967); ***Bufkin v. Louisville & & Nashville R.R. Co.***, 161 Miss. 594, 137 So. 517 (1931); ***Ozen v. Sperier et al.***, 150 Miss. 458, 117 So. 117 (1928); ***Louisville & Nashville R.R. Co. v. Daniels***, 135 Miss. 33, 99 So. 434,(1924); *See also **Marqueze et al. v. Sontheimer***, 59 Miss. 430 (1882);. In these types of cases, the foreseeability rule is not satisfied. ***Robison***, 247 So. 2d at 686.

> The requirements of the law as to foreseeability can probably be better expressed in terms of how far the responsibility of an actor extends. If the act complained of is only a remote cause, superseded by an independent, efficient intervening cause that leads in unbroken sequence to the injury, the original negligent act is not a proximate, but a remote, cause. Thus, not being foreseeable, the original cause is not actionable.

*Id.* In our view, when measured by the settled rules of the law of negligence, RWI and Williams are not liable for Ready's injuries. *See id.*

¶11. In a similar case before the United States District Court for the Southern District of Mississippi, an eighteen-wheeler jack knifed on Interstate 59, causing both north and south bound lanes to be closed for several hours. *Clark v. EPCO, Inc.*, 2:08-cv-103-KS-MTP, 2009 WL 2366054, \*1 (S.D. Miss., July 29, 2009). More than two hours after the original one-truck accident and seven miles north of the accident scene, the decedent was stopped in traffic when another driver, who "was apparently driving too fast for the conditions and was not observant," collided violently with the decedent's vehicle, instantly killing the decedent. *Id.* After settling with the driver who struck the decedent's vehicle and the driver's employer, the decedent's wife filed suit against the driver of the eighteen-wheeler and his employer. *Id.*

¶12. The plaintiffs, as does the plaintiff in the case *sub judice*, argued that it was foreseeable that the driver's negligence which led to the first accident could cause a subsequent accident at a later time. *Id.* at \*8. The defendants, again like the defendants in this case, argued that "the foreseeability of the possibility of some harm to someone from the assumed negligence of [the defendant] cannot be transformed into a duty to [the decedent] under the facts of this case." *Id.* The district court held that, while the defendant had a duty to other motorists to use reasonable care in operating his truck, that duty could not be

"stretched in time and place to provide a duty to [the decedent] or causation for [the decedent's] unfortunate death. . . ." *Id.* at *7. The district court further held that the defendant owed no duty to the decedent, for the defendant's "assumed negligence was simply too remote in time and place. . . ." *Id.*

¶13. The trial court reached the same conclusion on the specific set of facts in this case. The stipulated facts, *supra* ¶ 2, presented in this case reveal that the first accident was remote in time and distance from Ready's accident.[1] In the "realm of foreseeability," if we assume Williams's failure to properly operate his tractor-trailer "constituted negligence, such negligence only furnished the condition or occasion from which [Ready's] injuries were received, but it did not put in motion the negligence and wrongful agency that caused [Ready's] injuries." *Hoke*, 186 So. 2d at 476-77. Williams's presumed original negligence is "relegated to the position of a remote and, therefore, a nonactionable cause." *Bullock*, 13 So. 2d at 36. Therefore, we are of the opinion that Williams and RWI did not owe a duty to Ready and that the negligence of Williams, if any, "was too remote in the eyes of the law to be regarded as connected as cause therewith." *See Permenter v. Milner Chevrolet Co.*, 229 Miss. 385, 391, 91 So. 2d 243, 245 (1956).

## CONCLUSION

¶14. We find that the trial court did not err in granting summary judgment in favor of RWI and Williams. Williams's presumed negligent conduct was too remote in time and distance

---

[1] Proximity in time and distance does not per se render an original negligent act a nonactionable cause.

8

to have caused Ready's damages. Therefore, Ready's claims as to Williams and RWI are nonactionable, and summary judgment as a matter of law was properly granted.

¶15.   **AFFIRMED.**

**WALLER, C.J., DICKINSON, P.J., KITCHENS, KING, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR. LAMAR, J., NOT PARTICIPATING.**