# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01134-COA

**AMBER TONEY, ADMINISTRATRIX FOR THE ESTATE OF LARRY DONNELL TONEY, AND AMBER TONEY, INDIVIDUALLY AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF LARRY DONNELL TONEY, DECEASED**                                           APPELLANT

v.

**SOUTHERN CRANE & RIGGING, INC.**                                           APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/18/2016 |
| TRIAL JUDGE: | HON. LESTER F. WILLIAMSON JR. |
| COURT FROM WHICH APPEALED: | WAYNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ORVIS A. SHIYOU JR. |
| ATTORNEYS FOR APPELLEE: | MICHAEL J. WOLF |
| | GEORGE MARTIN STREET JR. |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| TRIAL COURT DISPOSITION: | SUMMARY JUDGMENT GRANTED TO APPELLEE |
| DISPOSITION: | AFFIRMED - 08/01/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND CARLTON, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.    In this wrongful-death case, we must determine whether the trial court erred by granting Southern Crane and Rigging's motion for summary judgment. Finding no error, we affirm.

## PROCEDURAL HISTORY

¶2.    On April 25, 2011, Larry Donnell Toney (Larry) was killed while dismantling oil-field

equipment on a site in Wayne County, Mississippi. At the time, Larry was employed by T.K. Stanley Inc. (TKS). Southern Crane had been hired to assist TKS's employees. On March 11, 2013, the administrator of Larry's estate, Amber Toney (Toney), filed suit in the Wayne County Circuit Court against Southern Crane alleging negligence, gross negligence, failure to supervise, and failure to warn.

¶3.     In February 2016, Southern Crane filed a motion to dismiss or, in the alternative, a motion for summary judgment. In response, Toney filed a motion to amend the complaint. After a hearing on both motions, the trial court granted Southern Crane's motion for summary judgment. The trial court did not explicitly deny Toney's motion to amend the complaint.

**FACTS**

¶4.     On the day in question, Larry arrived on the construction site to assist in dismantling a "flare stack." A flare stack is a tower used in the oil-production process to burn off natural gases. They are sometimes welded to a concrete slab, and additional support can be provided by "guy wires" connecting the flare stack to the ground.

¶5.     TKS hired Southern Crane to assist in dismantling the flare stack. Frankie Harrison, the owner of Southern Crane, arrived to the site with the crane. According to Harrison, his job was to maneuver the crane in position and, once the crane's hoist line was attached to the flare stack, lower the flare stack onto a truck. Harrison stated that one of TKS's employees was supposed to attach the crane's hoist line to the flare stack. Before the hoist line was attached to the flare stack, Harrison saw TKS's employees removing the guy wires and told

2

TKS's foreman, Robert Lofton. Lofton, who had instructed his crew to remove the three guy wires, told Harrison not to worry, that the flare stack was welded to a concrete slab. After the guy wires were disconnected, a TKS employee proceeded to climb a ladder that had been placed against the flare stack. This employee was to attach the crane's hoist line to the flare stack, but before he could do so, the flare stack fell and struck Larry, killing him.

¶6.    The report issued by the Occupational Safety and Health Administration (OSHA) stated that the investigation into the accident revealed that the flare stack was not welded to a concrete slab. The report stated: "After the guy wires were disconnected, the [TKS] employee on the ladder started climbing, which caused the flare stack to fall over and strike the deceased on his back." The report noted that "[t]he flare stack's base had not been anchored into cement as originally thought by [Lofton.]" The OSHA investigator noted that he and Harrison "dug in the crushed rock base with [Harrison's] spade until we came to red sandy clay; there was no concrete under the flare stack's base."

## STANDARD OF REVIEW

¶7.    The grant of a motion for summary judgment is reviewed de novo. *Karpinsky v. Am. Nat'l Ins.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013). We view the evidence "in the light most favorable to the party against whom the motion has been made." *Id*.

> Summary judgment is appropriate and shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law. Importantly, the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in [Mississippi Rule of Civil Procedure 56], must set forth specific facts showing that there is a genuine issue for trial. If he does not so

3

respond, summary judgment, if appropriate, will be entered against him.

[The Mississippi Supreme] Court has explained that in a summary judgment hearing, the burden of producing evidence in support of, or in opposition to, the motion is a function of Mississippi rules regarding the burden of proof at trial on the issues in question. The movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to [a] judgment as a matter of law. The movant bears the burden of production if, at trial, he would bear the burden of proof on the issue raised. In other words, the movant only bears the burden of production where [the movant] would bear the burden of proof at trial. Furthermore, summary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial.

*Id.* at 88-89 (¶¶10-11) (internal quotation marks, emphasis, and citations omitted).

¶8.     The decision to grant or deny a motion to amend a complaint is within the trial court's discretion and will be reviewed for an abuse of discretion. *Breeden v. Buchanan*, 164 So. 3d 1057, 1060 (¶14) (Miss. Ct. App. 2013).

## DISCUSSION

### I.     Summary Judgment

¶9.      Toney argues that several genuine issues of material fact exist such that summary judgment was premature. These issues include whether Southern Crane had a duty to: ensure the crane's hoist line was safely attached to the flare stack, supervise TKS employees during the removal of the guy wires, determine whether the flare stack was secure, and warn the others once the flare stack began to fall.

¶10.    "[T]o prevail on a negligence claim, a plaintiff must prove, by a preponderance of the evidence, duty or standard of care, breach, causation and damages." *Ready v. RWI Transp.*

4

*LLC*, 203 So. 3d 590, 593 (¶7) (Miss. 2016) (citation omitted). If the "nonmoving party cannot make a prima facie showing of all the elements of his or her claim," then summary judgment is appropriate. *Id*. Here, Toney failed to respond to Southern Crane's motion for summary judgment. Instead, Toney filed a motion to amend the complaint. Toney did mention some of these purported issues of material fact during the summary-judgment hearing, but mostly in the context of the motion to amend. Toney argued that if the motion to amend was granted, then she would have time to conduct additional discovery to find an expert to support her claims. Mississippi Rule of Civil Procedure 56(e) states that after a motion for summary judgment is made,

> an adverse party may not rest upon the mere allegations or denials of [her] pleadings, but [her] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If [she] does not respond, summary judgment, if appropriate, shall be entered against [her].

Toney's genuine issues of material fact are simply allegations without any additional support. As Toney has failed to make a prima facie showing of all the elements of her claim, we find the trial court's decision to grant summary judgment in favor of Southern Crane was appropriate. This issue is without merit.

## II.     Motion to Amend

¶11.    Toney also argues that the trial court abused its discretion by denying her motion to amend the complaint. Here, the trial court did not explicitly deny Toney's motion to amend. However, the trial court's decision to grant summary judgment in favor of Southern Crane implicitly denied Toney's motion to amend. *See Lucas v. Baptist Mem. Hosp.-N. Miss. Inc.*,

5

997 So. 2d 226, 231 (¶14) (Miss. Ct. App. 2008).

¶12. We cannot find the trial court abused its discretion in implicitly denying Toney's motion to amend the complaint. This motion came three years after Toney filed her original complaint and only after faced with Southern Crane's motion for summary judgment. This issue is without merit.

¶13. **AFFIRMED.**

**IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. GRIFFIS, P.J., NOT PARTICIPATING**.